In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-1265

KHOR CHIN LIM,

*Plaintiff-Appellant*,

*v.*

COURTCALL INC., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 11-C-748—**Rudolph T. Randa**, *Judge*.

SUBMITTED MAY 18, 2012—DECIDED JUNE 19, 2012

Before EASTERBROOK, *Chief Judge*, and BAUER and WILLIAMS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. The complaint in this suit alleged that Courtcall, which gives notices to litigants; fellow tenants in the apartment building where plaintiff lives in Madison, Wisconsin; a local police officer; the Dane County District Attorney's Office; the Governor of Wisconsin; and a former Prime Minister of Singapore; all have conspired to ruin plaintiff's life. The district

court dismissed this suit as fantastical. 2011 U.S. Dist. LEXIS 135733 (E.D. Wis. Nov. 17, 2011). Observing that plaintiff had recently bombarded the court with frivolous suits, the judge invoked the court's power to protect itself and the defendants from abuse of process.

Plaintiff had 30 days to appeal but took almost 90. On February 3, 2012, he filed a motion under Fed. R. App. P. 4(a)(6), which provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

28 U.S.C. §2107(c) contains similar language; for simplicity we refer to the rule without cross-referencing the statute. Plaintiff told the judge that he was out of the country between November 17, 2011, and January 27, 2012, and, until he opened the mail following his return,

did not realize that the court had dismissed this case. Without discussing what it means to "receive notice," the court reopened the time for appeal.

We ordered a limited remand so that the judge could consider both the meaning of "receive notice" and whether plaintiff's factual representation was honest—for in another case plaintiff asserted that he had not learned of the very same judgment until February 16, 2012. We observed that "one of these representations must be false. Perhaps both are false." *Khor Chin Lim v. Courtcall Inc.*, No. 12-1265 (7th Cir. Apr. 24, 2012) (nonprecedential order). The inconsistency had led the district judge to deny plaintiff's motion under Rule 4(a)(6) in the other case, which we dismissed. *Khor Chin Lim v. Staples Inc.*, No. 12-1405 (7th Cir. Apr. 24, 2012) (nonprecedential disposition). The fate of this appeal remained to be decided.

On remand, the judge concluded that plaintiff was truthful in asserting that he was out of the country until January 27, 2012, and learned about the adverse judgment only after his return. But the judge revoked his order under Rule 4(a)(6), concluding not only that it does not matter when a litigant opens his mail, but also that it does not matter whether the litigant receives a copy of the judgment at all. Here is the reasoning: (1) Rule 4(a)(6)(A) conditions reopening on a judicial finding that the litigant "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) Rule 77(d)(1) provides that, immediately

after entering a judgment, the clerk "must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default"; (3) Rule 5(b)(2)(C) in turn provides that service by mail is complete on mailing. It follows, the judge thought, that a litigant "receives" notice of judgment as soon as the clerk mails it.

We directed the parties to file memoranda discussing how we should proceed in light of the district court's order. Four groups of appellees filed separate memoranda; all four contend that the district judge's most recent order is correct and that we should dismiss the appeal. Plaintiff did not follow our instruction to file a memorandum. But he did file a motion to recuse all three judges of the panel. He contends that the orders we entered in this case and in *Staples* show that we are biased against him. This contention is frivolous. Adverse decisions do not establish bias or even hint at bias. See *Liteky v. United States*, 510 U.S. 540 (1994). Plaintiff's motion is denied.

Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of "receipt" of a document under Rule 77(d); but Rules 77(d) and 5(b) concern "service" rather than receipt. The committee notes to Rule 4(a)(6) show that it is designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service. The district court's most recent decision would prevent the rule from serving that function.

The committee note to the 2005 amendment, which added the phrase on which the district judge relied,

shows that reference to "notice under Federal Rule of Civil Procedure 77(d)" tells us what *kind* of notice Rule 4(a)(6) is talking about: the notice that the district clerk must give under Rule 77(d). Until 2005 notice from another litigant (written or oral) could prevent a litigant from obtaining extra time, even if the clerk never sent notice (or the mail went awry). The new language means that only notice under Rule 77 suffices. By saying that service is complete on mailing, Rule 5(b)(2)(C) tells us that the clerk's task is accomplished when the mail is turned over to the Postal Service; the clerk need not obtain a return receipt. This rule for what it means to "serve" a document does not tell us that service equals receipt; otherwise Rule 4(a)(6)(A) would have said "the court finds that the clerk did not serve notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment" rather than "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment".

Other courts of appeals share our view that a document is not "received" under Rule 4(a)(6) until it arrives at the litigant's address. See, e.g., *Williams v. Washington Convention Center Authority*, 481 F.3d 856 (D.C. Cir. 2007); *Poole v. Family Court of New Castle County*, 368 F.3d 263 (3d Cir. 2004). As far as we can tell, no court of appeals has accepted the district court's conclusion that a document is "received" for the purpose of Rule 4(a)(6) the instant it is "served" under Rules 5(b) and 77(d).

But our conclusion that a document is "received" when delivered to the proper address does not assist plaintiff.

When he came home on January 27, the judgment was waiting for him. It had been both served by the clerk and delivered by the Postal Service. Plaintiff does not offer any reason to doubt that it arrived within 21 days of the judgment's entry. Instead he contends that a document is not "received" until the envelope is opened and the contents read. He does not furnish any support for that proposition (recall that he failed to comply with our order to file a memorandum of law), and we could not find any. Delivery to the address on file (the litigant's, or the litigant's lawyer's if the litigant is represented by counsel) is the normal meaning of receipt in law. No authority of which we are aware holds that a litigant may defer "receipt" of a document by failing to open the envelope containing it. Quite the contrary, this circuit recently rejected just such a contention. See *Ho v. Donovan*, 569 F.3d 677 (7th Cir. 2009). Neither the text of Rule 4(a)(6), nor anything in the committee notes, suggests that "receive" has an unusual meaning.

Plaintiff could have asked the Postal Service, or a friend, to forward his mail. He could have furnished the district court with an address where mail would reach him while he was abroad, or the name and address of an agent who would receive mail on his behalf and relay it to him. He could have checked the district court's electronic docket, which is available from anywhere in the world. (Plaintiff told the district court that it was by checking the electronic docket, known as PACER, that he discovered the judgment in *Staples*.) Each of these options would have protected his opportunity to appeal, but he chose none of them.

The time to appeal is limited by statute, see 28 U.S.C. §2107, and this limit is jurisdictional. See *Bowles v. Russell*, 551 U.S. 205 (2007). The judiciary is not entitled to add time just because a litigant fails to open or read his mail—or for any other extra-statutory reason. The district court therefore properly revoked the earlier order that had reopened the time for appeal, and this appeal is dismissed for want of jurisdiction.