2013 VT 36

## Suzanne Coles v. Tedley Coles

[73 A.3d 681]

No. 11-322

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed May 24, 2013

*Lauren S. Kolitch*, Waitsfield, for Plaintiff-Appellee.

*Gregory W. McNaughton*, Barre, for Defendant-Appellant.

¶ 1. **Burgess, J.** Tedley Coles (Father) challenges the trial court's denial of his motion to reopen the time in which to file an appeal from a maintenance and child support order. He asserts that his motion was timely under Vermont Rule of Appellate Procedure 4(c). We affirm.

¶ 2. The record indicates the following. Father and mother divorced in February 2010, and father was ordered to pay child support and spousal maintenance. In September 2010, father moved to modify his child support obligation. Mother moved both to dismiss father's motion and to modify father's maintenance obligation. The court held a hearing on these motions in December 2010. In a February 22, 2011 order, the court decreased father's child support obligation, but increased his spousal maintenance obligation, resulting in a net monthly increase of eight dollars.

¶ 3. The court's docket entries indicate that this order, along with an acceptance of service form, was mailed to the parties on Monday, March 14, 2011.[1] On Friday, April 7, 2011, father's

---

[1] Although it does not affect the resolution of this case, we note our concern over the unexplained twenty-day delay between the docketing of the trial court's order and its mailing to the parties. See V.R.C.P. 77(d)(1) (providing that clerk shall give notice to parties of entry of order or judgment "[i]mmediately," but stating that lack of notice of the entry by the clerk "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the

attorney moved to reopen the time to appeal. He filed a corrected motion on Monday, April 11. Counsel relied on Rule 4(c), which provides:

> In any civil action, the superior . . . court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 90 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Counsel argued that he did not receive notice of the order within twenty-one days of its entry, and that there would be no prejudice to either party should the case be reopened. Counsel explained that he was on vacation beginning Thursday, March 17, 2011, and returned to work on Monday, April 4, 2011. He indicated that the mail arrived during his absence and that it was neither his fault nor father's fault that the thirty-day appeal period had expired by the time he opened his mail. Mother opposed his motion.

¶ 4. The court initially granted father's request without allowing mother adequate time to respond. Following a hearing, it granted mother's motion for reconsideration and denied father's request to reopen. The court found that father's attorney failed to show that he had not received notice within twenty-one days of the court's order. It rejected counsel's argument that he "received" notice when he returned from vacation and opened his mail. The court observed that father's attorney provided no case law to support his suggestion that the Legislature intended for attorneys to miss time limits because of vacations. For this and other reasons, the court denied father's request for relief under Rule 4(c). Father appealed.

¶ 5. On appeal, father reiterates his argument that the court's order was not "received" under Rule 4(c) within twenty-one days of its entry because he was not in actual receipt of the order until he returned from vacation on April 4. Father's attorney asserts

---

time allowed, except as permitted in Rule 4"). Failure to promptly mail decisions invites needless litigation — as in this case — and risks prejudice.

that he could find no precedent analyzing the meaning of the term "receipt" as used in Rule 4(c), and that it must mean actual notice.

¶ 6. We reject father's argument. Because our rule is substantively identical to the federal rule (with an exception not relevant here), we look to federal case law in analyzing the meaning of Rule 4(c). See Reporter's Notes, V.R.A.P. 4 (stating that rule is "substantially identical" to F.R.A.P. 4 with exception that Vermont requires motion be filed within 90 days of judgment rather than 180 permitted under federal rule "in the interests of finality and docket control"); Reporter's Notes, V.R.A.P. 1 (where Vermont rules adopt provisions from federal rules, federal cases interpreting Federal Rules of Appellate Procedure are authoritative source for interpretation of Vermont rules); see also V.R.C.P. 1 (same); *Rule v. Tobin*, 168 Vt. 166, 169, 719 A.2d 869, 871 (1998) (where Vermont rule of civil procedure was identical to federal rule, Court looked to federal case law interpreting federal rule). We find persuasive a federal court decision analyzing and rejecting the same argument raised by father here. See *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378 (7th Cir. 2012).

¶ 7. In *Khor Chin Lim*, the plaintiff was out of the country for several months and did not learn about an adverse court judgment until his return. He moved to reopen the time to appeal, arguing that he did not "receive notice" of the judgment until he opened his mail. The court rejected this argument, and concluded that a document is "received" when it is delivered to the litigant's address, or if the litigant is represented by counsel, to counsel's address. *Id.* at 380-81 (citing cases reaching similar conclusion). The court explained that this is "the normal meaning of receipt in law." *Id.* at 381. It found no authority to support the proposition that a litigant could defer "receipt" of a document by failing to open the envelope containing it. In fact, it found that there was case law to the contrary. The court explained that neither the text of the rule nor anything in the committee notes suggested that the word "receive" had an unusual meaning. The court emphasized that the time to appeal was limited by statute, and that the limit was jurisdictional. As it stated, "[t]he judiciary is not entitled to add time just because a litigant fails to open or read his mail." *Id.*

¶ 8. For the reasons advanced by the federal court, we similarly conclude that the "receipt" of notice contemplated under

Rule 4(c) is receipt in a party's mailbox. Father's approach would obviate our jurisdictional time limits, and it would not serve the strong interest in finality of judgments. The rule is not designed to allow the trial court to reopen the time for appeal because an attorney has not opened his or her mail. Rather, it allows the trial court to reopen the time for appeal if notice of the judgment does not arrive, "whether the fault lies with the clerk or the Postal Service," *Khor Chin Lim*, 683 F.3d at 380, or when the notice is received so late as to impair the opportunity to file a timely notice of appeal, see Advisory Committee Notes — 1991 Amendment, F.R.A.P. 4.

■ ¶ 9. In this case, father argued only that he "received" the order when his attorney opened his mail. He did not offer any evidence as to when it actually arrived in the mailbox.[2] He thus failed to prove that he did not receive notice of the court's decision within twenty-one days, and he failed to meet the threshold requirements of the rule. Even if we concluded that counsel showed that the order did not reach his mailbox within twenty-one days, the evidence here could not support the second conclusion necessary to support father's motion: that counsel filed his motion pursuant to Rule 4(c) within seven days of the time that it did arrive in his mailbox.

■ ¶ 10. Father next argues that if his motion is considered untimely, the delay was due to excusable neglect under Rule 4(d). Father did not raise this argument below, and we therefore do not address it here. See *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). Even if we were to address it, however, we would find it without merit. Jurisdictional time limits do not and cannot depend on the vagaries of an attorney's vacation schedule. Being away from delivered mail during vacation or otherwise failing to open mail, without more, is not excusable neglect. See Reporter's Notes, V.R.A.P. 4, 2006 Amendment (explaining that this Court has

---

[2] While it does not affect our decision in this case, we recognize that it may be difficult for a party to establish exactly when a court order is received for purposes of seeking relief under Rule 4(c). It would be useful for the Civil Rules Committee to consider establishing rebuttable presumptions on which parties could rely in proving the date of receipt. We therefore refer this issue to the Advisory Committee on the Rules of Civil Procedure.

applied excusable neglect standard very strictly, "lest there be a de facto enlargement of the appeal-filing time to sixty days" (quoting *In re Town of Killington*, 2003 VT 87A, ¶ 17, 176 Vt. 60, 838 A.2d 98 (internal office procedure breakdown not excusable neglect as a matter of law))); *Bergeron v. Boyle*, 2003 VT 89, ¶ 22, 176 Vt. 78, 838 A.2d 918 (lawyer's vacation and internal office procedure breakdown not excusable neglect); *In re Lund*, 2004 VT 55, ¶ 7, 177 Vt. 465, 857 A.2d 279 (mem.) (mistaken reading of rule not excusable neglect).

*Affirmed.*