# United States Court of Appeals
# for the Federal Circuit

---

**TWO-WAY MEDIA LLC,**
*Plaintiff-Appellee*

**v.**

**AT&T, INC., AT&T CORP.,**
*Defendants*

**AT&T OPERATIONS, INC., AT&T SERVICES, INC.,
SBC INTERNET SERVICES, INC.,
SOUTHWESTERN BELL TELEPHONE COMPANY,**
*Defendants-Appellants*

---

2014-1302

---

Appeal from the United States District Court for the Western District of Texas in No. 5:09-cv-00476-OLG, Judge Orlando L. Garcia.

---

Decided: March 19, 2015

---

LESLIE V. PAYNE, Heim, Payne & Chorush, LLP, Houston, TX, argued for plaintiff-appellee. Also represented by MICHAEL F. HEIM, MICAH JOHN HOWE, NATHAN J. DAVIS; MAX LALON TRIBBLE, JR., Susman Godfrey L.L.P., Houston, TX, RACHEL S. BLACK, IAN B. CROSBY, PARKER C. FOLSE, III, Seattle, WA.

CARTER GLASGOW PHILLIPS, Sidley Austin LLP, Washington, DC, argued for defendants-appellants. Also represented by CONSTANTINE L. TRELA, JR., RICHARD ALAN CEDEROTH, ROBERT N. HOCHMAN, NATHANIEL C. LOVE, Chicago, IL.

———————————

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* O'MALLEY.

Dissenting opinion filed by *Circuit Judge* DYK.

O'MALLEY, *Circuit Judge.*

Two-Way Media LLC ("TWM") brought this patent infringement suit against AT&T, Inc.; AT&T Corp.; AT&T Operations, Inc.; AT&T Services, Inc.; SBC Internet Services, Inc.; and Southwestern Bell Telephone Co. (collectively, "AT&T"). The case proceeded to a jury trial in the United States District Court for the Western District of Texas, where the jury found that AT&T infringed the asserted claims of the patents at issue and awarded damages. The district court entered final judgment consistent with the jury's verdict on October 7, 2013. The district court thereafter denied all of AT&T's post-trial motions for judgment as a matter of law ("JMOL"). Upon docketing those rulings, the time for AT&T to file an appeal began to run. AT&T, however, failed to file a timely notice of appeal. Because we conclude that the district court did not abuse its discretion or clearly err in refusing to extend or reopen the appeal period, we *affirm*.

## I. BACKGROUND

TWM filed suit in the United States District Court for the Southern District of Texas on April 11, 2008, alleging, *inter alia*, infringement of certain claims of U.S. Patent Nos. 5,778,187 and 5,983,005. In June 2009, the Southern District of Texas transferred the case to the United

States District Court for the Western District of Texas. The case proceeded to a jury trial, resulting in a verdict of infringement and a damages award to TWM. Final judgment reflecting the jury's verdict was entered on October 7, 2013.

On October 4, 2013, AT&T timely filed four motions for renewed JMOL or a new trial, regarding non-infringement, invalidity, and damages. These filings stayed the running of the time within which AT&T was required to file any notice of appeal from the final judgment. Because three of the four JMOL motions were confidential, AT&T moved to file those under seal. On November 22, 2013, the court denied all of AT&T's JMOL motions and granted TWM's request for costs, entering judgment against AT&T on all pending claims. When the court initially docketed the denials of AT&T's motions, it labeled the three orders addressing the confidential motions as orders granting the motions to seal, not indicating that the same orders denied the relief sought in the underlying motions. The parties (through counsel) received notice of electronic filings ("NEFs") for each of those orders labeled "ORDER GRANTING [] Motion For Leave to File Sealed Document." Joint Appendix ("J.A.") 13804. The underlying orders, which could be accessed by clicking on the hyperlink in the NEFs, clearly denied the merits of AT&T's JMOL motions, however. At the same time, the court docketed its order denying the fourth, non-confidential JMOL. And, the court docketed its order on TWM's Bill of Costs. Both of these were included and properly identified in the November 22 NEFs to the parties. On November 25, the court updated the description of the orders on the docket, but did not send new NEFs to the parties.

On January 15, 2014, after the appeal period had expired, AT&T asserts that it first discovered that the November orders actually denied all of its post-trial motions. The next day, AT&T filed a motion to extend or

reopen the appeal period pursuant to Federal Rules of Appellate Procedure 4(a)(5) and (6).  On February 6, 2014, the district court denied AT&T's motion.

A denial of a motion under Rule 4(a) is a final appealable order.  *See* 28 U.S.C. § 1291; *see also Eltayib v. United States*, 294 F.3d 397, 399 (2d Cir. 2002).  Because this is a patent infringement case, we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II.  DISCUSSION

Since a ruling on a motion for relief under Rule 4(a) is an issue not unique to patent law, we apply the law of the regional circuit—here, the Fifth Circuit.  *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 25 F. App'x 923, 924 (Fed. Cir. 2001).[1]  Under Fifth Circuit law, we review the district court's ruling on a motion for relief under Rule 4(a)(5) and (6) for abuse of discretion.  *Stotter v. Univ. of Tex.*, 508 F.3d 812, 820 (5th Cir. 2007) (reviewing a motion for relief under Rule 4(a)(5) for abuse of discretion); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) (reviewing a motion for relief under Rule 4(a)(6) for abuse of discretion).

Rule 4(a) states in relevant part:

(5) Motion for Extension of Time.

(A) The district court may extend the time to file a notice of appeal if:

---

[1]    Although the dissent argues that we apply our own law when determining our jurisdiction, there is no dispute over our jurisdiction in this case.  We have jurisdiction to review the district court's denial of AT&T's Rule 4(a) motion.  Indeed, the dissent does not discuss this court's jurisdiction, and instead addresses the merits of AT&T's motion.

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

. . . .

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a).

In sum, to qualify for an *extension* of the appeal period, the moving party must show "excusable neglect or good cause." Fed. R. App. P. 4(a)(5). A court *may reopen* the appeal period, on the other hand, if, *inter alia,* "the court finds that the moving part *did not receive notice*" of the entry of the judgment or order at issue. Fed. R. App. P. 4(a)(6) (emphasis added). Both decisions are committed to the trial court's discretion. The question, accordingly, is not whether any panel member—or even all of them—would have granted AT&T's motion under either

Rule 4(a)(5) or (6) if acting as district court judges, but whether, under the circumstances, this district court abused its discretion when it chose not to do so.

### a. Extension of the Appeal Period Pursuant to Rule 4(a)(5)

In considering AT&T's motion under Rule 4(a)(5), the court found that the AT&T had failed to show good cause or excusable neglect. Although the NEFs communicated an arguably incomplete description of the orders, the district court noted that even a total lack of notice would not be enough, standing alone, to justify extending the time for filing an appeal. The court concluded that it is the responsibility of every attorney to read the substance of each order received from the court and that it is not sufficient to rely on the email notifications received from the electronic filing system. The court explained that the NEFs were sent to 18 attorneys at the two firms representing AT&T. The court further noted that assistants at those firms actually downloaded copies of all of the orders onto the firms' internal systems. Finally, the court pointed to the fact that, on that same day, the court also issued orders denying the unsealed JMOL motion and entering a bill of costs—both of which produced accurately labeled NEFs. The district court therefore refused to extend the appeal period under Rule 4(a)(5).

AT&T argues that its delay should be excused because it received incomplete NEFs and the district court did not reissue new NEFs when it corrected the docket entries. In other words, AT&T argues that, because the initial NEF did not fully describe what the order entailed, the court should have found that the "excusable neglect or good cause" required under Rule 4(a)(5)(A)(ii) had been established. We disagree.

As the district court correctly noted, even a complete lack of notice would not qualify as excusable neglect under Rule 4(a)(5), without some additional showing. To

allow Rule 4(a)(5) to be triggered so easily would render Federal Rule of Civil Procedure 77(d)(2) a nullity. Rule 77(d)(2) expressly provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve—*or authorize the court to relieve*—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." (emphasis added). Because AT&T would not be entitled to relief even if it had received no NEFs notifying it of the court's order, the district court was correct to require some additional evidence of excusable neglect or good cause. *See Wilson v. Atwood Grp.*, 725 F.2d 255, 257 (5th Cir. 1984) (en banc) ("The rule is strict, but its meaning and purpose are plain. We have consistently held that the simple failure of the clerk to mail notice of entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time."); *see also Avolio v. Cnty. of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994) ("Plaintiffs could not qualify for this kind of extension [under Rule 4(a)(5)] because the mere failure to discover that the judgment had been entered, even when the clerk had failed to mail a notice of judgment as directed by Fed. R. Civ. P. 77(d), does not constitute excusable neglect."); *Case v. BASF Wyandotte*, 737 F.2d 1034, 1035 (Fed. Cir. 1984) ("The fact that the appellant did not receive the opinion and order upon issuance did not excuse his failure to file a timely notice of appeal."); *Rodgers v. Watt*, 722 F.2d 456, 458 (9th Cir. 1983) ("Generally a finding of excusable neglect requires lack of notice plus additional equitable factors such as attempts to learn the anticipated date of the decision.").

AT&T first responds by arguing that this is not just a lack of notice case; it is a case involving an affirmatively misleading notice. And, it argues that, because the district court's NEFs violated Federal Rule of Civil Procedure 79, the notice it received violated the legal requirements governing the same. Turning to AT&T's

second argument first, AT&T is wrong when it contends that the court or its clerk violated Rule 79. Rule 79 applies to the civil docket, not to electronic email notices. *See* Fed. R. Civ. P. 79(a)(1)–(3). Rule 79 provides that each *docket entry* is to briefly state "the substance and date of entry of each order and judgment." Although the court did not send updated NEFs, the district court promptly corrected the docket entries to state that the orders denied the underlying JMOL motions. The civil docket, therefore, had a complete description of those orders had AT&T bothered to check the docket, as it should have done. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993) ("Rule 77(d) clearly states that a party must make a timely appeal whether or not he receives notice of the entry of an order. Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation."); *In re Morrow*, 502 F.2d 520, 522 (5th Cir. 1974) ("Notification by the clerk is merely for the convenience of the litigants."). AT&T's resort to Rule 79 is, thus, unhelpful to its appeal under Rule 4(a)(5).

AT&T's claim that its failure to read the court's order was excusable because it was misled into doing so by the court itself does not fare much better on these facts. We recognize that excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993). It is true, moreover, that a court's own conduct—including misleading entries or statements to counsel—is relevant to whether neglect not predicated only on a failure to receive notice of an entry of judgment can, or should, be deemed excusable. *See Chipser v. Kohlmeyer & Co.*, 600 F.2d 1061, 1063 (5th Cir. 1979) (affirming trial court's finding of excusable neglect because an extension of time was not "unwarranted" when counsel was misled by good faith reliance on statements by the district court, some of which occurred after

counsel sought clarification of the court's orders).  The fact that the incomplete NEFs are relevant to the court's inquiry does not mean they are determinative of it, however.

The district court not only may, but should, consider "'all relevant circumstances'" in determining whether a party's failure to file a timely appeal was excusable. *See Stotter v. Univ. of Tex.*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Pioneer Inv.*, 507 U.S. at 395).  At bottom, Rule 4(a)(5) assumes some neglect on behalf of the non-filer and directs the district court to exercise its equitable discretion to determine whether that neglect should be excused.  The trial court examined the circumstances surrounding the admitted neglect by AT&T's counsel and concluded it should not be forgiven.  The trial court found that it was not excusable for AT&T's attorneys to rely on the email notifications and neglect to read the orders in light of the circumstances surrounding the November 22, 2013 NEFs.  As the trial court noted, AT&T received an order denying its unsealed JMOL motion and an order assigning costs—both of which triggered properly labeled NEFs—at the same time it received the allegedly misleading NEFs.  Pointedly, costs are only to be awarded to a prevailing party.  *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts—other than attorney's fees—should be allowed to the *prevailing party*." (emphasis added)).  An order assessing costs was a clear indication that all matters relevant to the question of whether TWM was a prevailing party had been resolved.  The district court noted, moreover, that the orders and NEFs had been sent to 18 different counsel and legal assistants representing AT&T and that at least some of those recipients downloaded the full text of the orders.  Given these circumstances, the district court concluded that it was inexcusable for AT&T's multiple counsel to fail to read all of the underlying orders they received, or—at minimum—to monitor the docket for any corrections or additional rulings, which might explain

why costs had been awarded to TWM. Again, the question is not whether we, if acting as trial court judges, might have excused counsel's neglect in these circumstances, but whether the trial court abused its discretion when it refused to do so. We see no such abuse of discretion.[2]

We conclude that the district court did not abuse its discretion when it found that AT&T did not satisfy its burden to show excusable neglect for its failure to read the underlying orders and check the docket for more than a month after the court issued the final orders.

b. Reopening the Appeal Period Pursuant Rule 4(a)(6)

After concluding that AT&T's neglect was not excusable, the court turned to AT&T's request for relief under Rule 4(a)(6). As noted, Rule 4(a)(6) requires, as a predicate, findings by the trial court that: (1) the movant did not receive notice of the entry of judgment; (2) the movant filed the motion in a timely fashion; and (3) no party would be prejudiced by a reopening of the time to appeal. Even when all of these predicates are satisfied, moreover,

---

[2]    Cases which have found excusable neglect based on misleading information from the court are readily distinguishable. *See, e.g.*, *Mennen Co. v. Gillette Co.*, 719 F.2d 568, 570–71 (2d Cir. 1983) (finding excusable neglect where the clerk entered judgment contrary to the judge's express instructions telling counsel to submit proposed entries and the trial court did not clarify that it intended earlier judgment entry to be a final entry until two days before the time to appeal expired); *Rodgers*, 722 F.2d at 461 (affirming a finding of excusable neglect where the clerk failed to send any notice and did not enter the judgment as the most recent docket entry, making repeated docket checks by counsel ineffective).

the court retains the discretion to either grant or deny the motion.

Here, the district court found that AT&T did receive notice of the entry of judgment when it received and downloaded those judgments from the electronic docket and that TWM would be prejudiced by the reopening of the appeal period, rendering Rule 4(a)(6) inapplicable. After making these factual findings, moreover, the court rejected AT&T's claim that, even if it admittedly received the actual text of the judgments and of the other orders entered at the same time, the court should reopen the appeal because AT&T never received email notifications that the docket was corrected shortly after the initial entries to more accurately reflect the substance of the orders entered. On this point, the trial court expressly declined "to give 'an interpretation of Rule 4(a)(6) that allows parties to ignore entirely the electronic information at their fingertips,' as it would 'severely undermine the benefits for both courts and litigants fostered by the CM/ECF system, including the ease and speed of access to all the filings in a case.'" *Two-Way Media LLC v. AT&T Operations Inc.*, No. 5:09-cv-476, slip op. at 8 (W.D. Tex. Feb. 6, 2014), ECF No. 663 (quoting *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007)).

We see no clear error in the trial court's factual finding that AT&T failed to establish that it did not receive the notice contemplated in Rule 4(a)(6)(A) and no abuse of discretion in the trial court's refusal to grant AT&T's motion solely because AT&T did not receive an NEF of the corrected docket entry.[3]

---

[3]    Given these conclusions, we do not address the district court's conclusion that TWM would be prejudiced by a reopening of the appeal period.

Like the district court before us, we decline to hold that the actual receipt of the text of a judgment or order, which a party knows the court directed to be *entered on the docket*, does not constitute notice of the entry of that judgment within the meaning of Rule 4(a)(6)(A). Rule 4(a)(6) does not apply when a party simply shows it did not read a court order—justifiably or not. It only applies when a party received *no notice* of that order. For example, Rule 4(a)(6) does not apply when an attorney receives the notice in the mail, but does not open it. *See Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 381 (7th Cir. 2012) ("The judiciary is not entitled to add time just because a litigant fails to open or read his mail—or any other extra-statutory reason."). AT&T's argument that it never read the underlying orders because it was confused by the NEFs it received, is, therefore, irrelevant; the only question for purposes of Rule 4(a)(6) is whether it *received* notice of the order. When an attorney admittedly receives any order from the court, as here, and he is expressly informed that the order was to be entered on the docket (see, e.g., J.A. 13804, which states "[t]he following transaction was entered on 11/25/2013 . . ."), the district court does not clearly err by finding that he also has received notice of the entry of that order under Rule 77(d), whether or not he examines its contents. Where an order is actually received, but ignored, Rule 4(a)(5) is the procedural vehicle counsel must pursue to seek relief from its failure to read or digest the order.

AT&T's argument that it never received the type of notice contemplated by Rule 4(a)(6)(A) because it never received an NEF that described the type of docket entry required by Rule 79 (i.e., one setting forth a short description of the order or judgment) is unpersuasive. While the NEF was admittedly inaccurate, AT&T was notified both that the orders had been entered on the docket and that the order contained final judgments. *See Sanofi-Aventis Deutschland GmbH v. Glenmark Pharm. Inc.*, 748 F.3d

1354, 1358 (Fed. Cir. 2014) ("No 'magic words' are needed to confer final judgment."). We decline to hold, as a matter of law, that those circumstances always constitute an absence of notice for purposes of Rule 4(a)(6)(A).

While AT&T neither cites nor relies upon them, the dissent contends that a series of cases decided in the 1950s requires us to find an absence of notice under Rule 4(a)(6)(A). In those cases, the question presented was whether a docket entry which failed to unambiguously set forth a final judgment within the meaning of Federal Rule of Civil Procedure 58 was sufficient to trigger the running of the time for appeal or whether a later docket entry was the triggering entry. In those cases, the question was not whether the first entry accurately described the underlying order, but whether the underlying order summarized in the entry unequivocally evidenced the intent to enter a final judgment. Thus, in *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958)—the primary authority on which the dissent relies, Dissenting Op. 6—the Supreme Court found the earlier docket entry inadequate to trigger an appeal because the underlying order it described failed to contain the type of findings necessary to constitute a final judgment.[4] 356 U.S. at 234 ("[R]espondent argues . . . that inasmuch as the clerk's

---

[4] The dissent's reliance on *O'Brien v. Harrington*, 233 F.2d 17, 18–20 (D.C. Cir. 1956) is also misplaced. In *O'Brien*, the district court entered judgment addressing only one of the two pending claims and did not expressly direct entry of judgment as to fewer than all pending claims under Rule 54(b). As such, the appellate court concluded that the entry of judgment of one claim did not terminate the action and the whole case was still before the district court. *Id.* In this case, on the other hand, there is no dispute that the district court's orders addressed all pending claims.

entry incorporated the opinion by reference, it, too, adequately stated the amount of the judgment. *This contention might well be accepted* were it not for the fact that the action also sought recovery of interest on the amount paid . . . ." (emphasis added)). The other cases cited by the dissent are to the same effect. *See Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 238 F.2d 298, 301 (9th Cir. 1956) (finding that neither the court's order of June 12 nor the docket entry describing that order "evince[d] clearly an intent to make a judgment on those days"); *Healy v. Pa. R.R. Co.*, 181 F.2d 934 (3d Cir. 1950) (finding the trial court order at issue insufficient to trigger the time for appeal because motions for a new trial and judgment notwithstanding the verdict remained pending and unresolved for six months thereafter). Because the docket entries at issue addressed themselves to underlying orders which were not sufficient to constitute final judgments, the courts refused to treat them as the docket entries which triggered the time for an appeal. The facts at issue in those cases are not relevant to the question we address here.

Pointedly, neither Rule 4(a)(6) nor the meaning of notice thereunder were at issue in the cases to which the dissent points us. AT&T does not dispute that the underlying order it received evinced an unequivocal intention to enter final judgment and award costs consistent therewith. Nor is there any debate over which docket entry—the initial one or the corrected one—triggered AT&T's time for appeal. In either case, AT&T's appeal was untimely by a large margin.[5] The only question here is

---

[5] The dissent mischaracterizes our holding. We do not hold that the order was entered for purposes of triggering AT&T's time to appeal on November 22, 2013. That question is neither in dispute, nor presented to us. Under the various authorities on which the dissent relies,

whether AT&T was entitled to an *NEF* of the *corrected docket entry* before it can be said to have received notice of the entry of the admittedly complete and unequivocal judgments. While we respect the dissent's contrary view, we find no legal error in the trial court's conclusion that it was not. Again, whatever its faults, the NEFs AT&T did receive stated clearly that all the cited orders were "entered" on the docket and links to all the orders were provided. *See, e.g.*, J.A. 13804.

Even if AT&T and the dissent were correct that a second NEF from the court was required before it can be said to have received "notice of the entry of judgment" against it, moreover, we would still find no abuse of discretion in the trial court's refusal to reopen the appeal under Rule 4(a)(6). The district court refused to trigger the relief contemplated in Rule 4(a)(6) in circumstances where a party actually has received a final judgment (regardless of whether the entry of that judgment is accurately described), but fails to monitor the electronic docket for a compliant entry of the judgment. In this era of electronic filing—post-dating by some 60 years the era in which the cases cited by the dissent were issued—we find no abuse of discretion in a district court's decision to impose an obligation to monitor an electronic docket for entry of an order which a party and its counsel already have in their possession and know that the clerk at least attempted to enter.[6] Thus, putting aside the question of whether the prerequisites to application of Rule 4(a)(6) were satisfied,

---

it is clear that AT&T's time to appeal was triggered no later than correction of the docket entry. The only question we address is what constitutes adequate notice under Rule 4(a)(6).

[6] Again, the question before us is not which docket entry triggered the running of the time for appeal.

we find no abuse of discretion in the denial of AT&T's motion under that Rule.

### III. CONCLUSION

For the foregoing reasons, we affirm the denial of relief under both Rules 4(a)(5) and (6).

**AFFIRMED**

# United States Court of Appeals
# for the Federal Circuit

---

**TWO-WAY MEDIA LLC,**
*Plaintiff-Appellee*

**v.**

**AT&T, INC., AT&T CORP.,**
*Defendants*

**AT&T OPERATIONS, INC., AT&T SERVICES, INC.,
SBC INTERNET SERVICES, INC.,
SOUTHWESTERN BELL TELEPHONE COMPANY,**
*Defendants-Appellants*

---

2014-1302

---

Appeal from the United States District Court for the Western District of Texas in No. 5:09-cv-00476-OLG, Judge Orlando L. Garcia.

---

DYK, *Circuit Judge*, dissenting.

I respectfully dissent from the majority's holding that the district court did not have discretion to reopen the appeal period under Federal Rule of Appellate Procedure ("FRAP") 4(a)(6).

Federal Rule of Civil Procedure ("FRCP") 77(d) provides that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as

provided in Rule 5(b)." Fed. R. Civ. P. 77(d)(1). FRAP 4(a)(6) provides that a district court may reopen the time to file an appeal where "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6). Contrary to the majority, I think that the substantive orders were not entered on the docket at the time that AT&T arguably received notice of the orders, and the required notice of the entry was not provided. Under the circumstances, FRAP 4(a)(6) applies.

I

The majority incorrectly holds that the interpretation of FRAP 4(a)(6) is governed by the regional circuit's law. The interpretation of FRAP 4(a)(6) is governed by Federal Circuit law since the issue is jurisdictional. *State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334 (Fed. Cir. 2001) ("We have established that in matters of our own jurisdiction, regional circuit law is not binding, and we are obligated to make an independent determination of our jurisdiction."); *see Bowles v. Russell*, 551 U.S. 205, 215 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). However, in relevant respects, regional circuit law and Federal Circuit law are the same.

II

Under FRAP 4(a), the 30-day time limit for appeal runs from the "entry of the order disposing of the last" judgment as a matter of law ("JMOL") and/or new trial motion. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A). Here, two JMOL motions and one new trial motion (the "substantive motions") were filed with the district court as attachments to motions for leave to file under seal (the

"sealing motions").[1] The sealing motions were listed on the docket as numbers 594, 595, and 596. On November 22, 2013, the district court judge signed orders which 1) granted the sealing motions and 2) denied the substantive motions. On November 25, the district court clerk for the first time entered the substantive motions on the docket as entries 617, 620, and 623.[2] The clerk then made entries 613, 615, and 616 on the docket, which stated that the sealing motions had been granted. For example, docket number 613 included the following docket text:

> ORDER GRANTING [594] Motion for Leave to File Sealed Document; GRANTING [599] Motion for Leave to File Sealed Document; GRANTING [605] Motion for Leave to File Sealed Document; GRANTING [608] Motion for Leave to File Sealed Document Signed by Judge Orlando L. Garcia. (rf).

J.A. 13804. I refer to these entries as the "sealing order docket entries" or "sealing entries." A notice of electronic filing was generated for each of the sealing order docket entries, notifying the parties that the sealing motions had been granted.

Later that day, the clerk modified docket entries 613, 615, and 616 to state that the substantive JMOL and/or new trial motions had been denied. For example, docket number 613 was amended to add:

---

[1]    AT&T also filed one motion for JMOL or, in the alternative, new trial that was not under seal. That motion and its subsequent denial did not form the basis of AT&T's FRAP 4(a) motion.

[2]    Until November 25, the substantive motions did not have docket numbers assigned because they were submitted as attachments to motions for leave to file under seal.

> DENYING 617 SEALED MOTION Signed by
> Judge Orlando L. Garcia. (rf) Modified on
> 11/25/2013, to link to doc #617 (rf). (En-
> tered:11/25/2013).

J.A. 74. I refer to these entries as the "substantive order docket entries." Notice of the substantive order docket entries was not provided to the parties.

The district court and the panel majority conclude that the parties received notice of the entry of the substantive orders when, at the earlier time when they received the notices of the sealing order docket entries, they downloaded the substantive orders. The majority holds that the substantive orders were entered on the docket as of the time of the sealing entries and not when the substantive order docket entries for the first time stated that the substantive motions had been denied. With respect, that is simply not correct.

## III

FRAP 4(a)(7) establishes that, in these circumstances, an order or judgment is not "entered" (does not become effective) until it "is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(i). The mere fact that an order is issued does not start the time for appeal; a docket entry is required. *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994) ("[F]or purposes of determining whether a notice of appeal was timely, the relevant date is the date the post-trial motion was entered on the docket, not the date it was filed."); *United States v. Ronne*, 414 F.2d 1340, 1342 n.1 (9th Cir. 1969) ("While [the] judgment was filed on November 22, 1968, it was not entered in the criminal docket until November 25, 1968. The notice of appeal was filed within ten days of that date and is therefore timely."); *see Wimberly v. Rogers*, 557 F.2d 671, 673 (9th Cir. 1977) ("An appeal as of right in a civil suit must be filed within 30 days of the date of entry on the civil docket of the

judgment or order appealed from."); *Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 238 F.2d 298, 300 (9th Cir. 1956) ("It is settled that there is no judgment until the clerk makes his docket entry."); *O'Brien v. Harrington*, 233 F.2d 17, 18–19 (D.C. Cir. 1956) ("Rule 58 provides that . . . notation in the civil docket constitutes entry of the judgment; and the judgment is not effective before such entry. Until the order or judgment is entered in the civil docket, the case is still in the District Court, there is no finality, and there can be no appeal.").[3] Our own court has frequently applied a similar rule holding that the time for a rehearing petition under Rule 40 does not begin to run until the judgment is entered in the docket, even though the opinion was publicly released days or even weeks earlier. Thus, even if an order or judgment has been publicly released and a party is aware of the order or judgment, if it has not been entered on the docket, the time for appeal does not begin to run until the clerk makes a docket entry.

## IV

Contrary to the majority, it is equally clear that the three docket entries concerning the sealing orders here did not constitute the required "entry" with respect to the substantive motion orders. FRAP 4(a)(7) states that a judgment or order is entered "when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7)(A)(i).

FRCP 79(a) provides that "[t]he clerk must keep a record known as the 'civil docket.'" Fed. R. Civ. P. 79(a)(1). "Each entry must briefly show the nature of the paper

---

[3]     Some of these cases relate to FRCP 58 rather than to FRAP 4(a). But FRCP 58 has the same rule that judgment is entered only when it is entered on the docket pursuant to FRCP 79(a). Fed. R. Civ. P. 58(c)(1).

filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment." Fed. R. Civ. P. 79(a)(3). Here, the sealing entries did not show "the substance . . . of [the substantive] order[s]," Fed. R. Civ. P. 79(a)(2), since they merely stated that the sealing orders had been granted and did not mention that the substantive orders were denied. As shown by *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227 (1958), and numerous Court of Appeals cases, a docket entry that does not comply with FRCP 79(a) does not trigger the time for appeal.[4]

---

[4]    *See Danzig v. Virgin Isle Hotel, Inc.*, 278 F.2d 580, 582 (3d Cir. 1960) (docket entries of jury verdict along with amount of verdict were insufficient to start time for appeal because "the entry of judgment . . . should be unambiguous on its face so that counsel or a party consulting the docket will have no reasonable basis for doubt as to the nature and effect of what has been done or as to the timeliness of further proceedings"); *Cedar Creek*, 238 F.2d at 300–01 (noting that "[i]t is settled that there is no judgment until the clerk makes his docket entry," and holding that judgment and docket entry did not "evince clearly an intent to make a judgment" and therefore time for appeal did not run from those entries); *Reynolds v. Wade*, 241 F.2d 208, 210 (9th Cir. 1957) (docket entry that judgment filed and entered was insufficient to show substance of entry under FRCP 79(a)); *O'Brien*, 233 F.2d at 19–20 (holding that "the court's judgment with respect to [one claim] ha[d] never been entered and ha[d] never become effective" where the docket entry was directly contrary to the district court's opinion); *Healy v. Pa. R.R. Co.*, 181 F.2d 934, 935–37 (3d Cir. 1950) (holding that appeal was not yet available where opinion and docket entry were insufficient to constitute entry of order disposing of post-trial motions, and noting that an order must

The majority attempts to distinguish these cases because "[i]n those cases, the question was not whether the first entry accurately described the underlying order, but whether the underlying order summarized in the entry unequivocally evidenced the intent to enter a final judgment." *Maj. Op.* at 13. Even if some of these cases involved both insufficient orders and insufficient docket entries, the cases make clear that a docket entry complying with FRCP 79(a) is required for an order to be entered. Cases like *O'Brien*, 233 F.2d at 19–20, cannot be distinguished on the ground that the underlying order was insufficient.[5]

---

both be "made *and entered in the docket in due form*" and that both "an order *and its entry in the docket*" are required by the rules (emphases added)); *see also Funk v. Franklin Life Ins. Co.*, 392 F.2d 913, 914–15 (7th Cir. 1968) (docket entry that did not show monetary sum awarded did not start time for appeal because it was incomplete).

Although there were amendments to FRCP 79 in 1963, after some of these cases were decided, these amendments were stylistic only. *See* Fed. R. Civ. P. 79 advisory committee's note to 1963 amendment. References in some of these cases to FRCP 73(a) correspond to current standards under FRAP 4(a), which was "derived from FRCP 73(a) without any change of substance." Fed. R. App. P. 4 advisory committee's note to 1967 adoption.

[5] In *O'Brien*, an employee had sought a declaration (1) that he was improperly removed from his position and (2) an order directing the commissioner to reinstate him. 233 F.2d at 18. The district court judge issued an opinion finding that (1) the employee had been wrongfully terminated but holding that (2) the court could not order reinstatement and later signed an order to that effect. *Id.* On the same day the order was signed, the clerk made the

Here, the three sealing entries clearly did not reflect the "substance and date of entry of each order" with respect to the substantive orders. Fed. R. Civ. P. 79(a)(3). Rather, they merely stated that the sealing motions had been granted. Therefore, at the time the notices of electronic filing were sent to the parties, the substantive orders had not even been entered. The orders were only entered once the clerk made entries reflecting the substantive orders pursuant to FRCP 79(a)(3). The majority's holding to the contrary, that the orders were entered on the docket at the time of the sealing entries on the docket, is incorrect.

Notices of electronic filing were never sent concerning the substantive order docket entries. Thus, the clerk never served, "[i]mmediately after entering an order or judgment, . . . notice of the entry" of the order. Fed. R. Civ. P 77(d)(1). While defendants may have had notice of the underlying order, as the majority holds, and of the

---

following entry on the docket: "March 26, 1954. Order granting summary judgment in favor of Def[endant] . . . ." *Id.* The D.C. Circuit held that the docket entry was not effective to enter judgment because "the clerk did not make a notation of the substance of the court's judgment, but distorted it by indicating a ruling directly contrary to that which had actually been made on the claim for declaratory relief [for improper removal]." *Id.* at 19. "[W]hen [the clerk] fails accurately to note in the civil docket the substance of a judgment which he has before him, he is guilty of a clerical misprision." *Id.* at 20. Because judgment had never been entered on the claim for declaratory relief (due to the clerk's "clerical misprision"), judgment had only been entered on the reinstatement claim. *Id.* "[T]he court's judgment with respect to the claim for declaratory relief [for improper removal] ha[d] never been entered and ha[d] never become effective." *Id.*

sealing orders, defendants never had notice of the entry of the substantive orders on the docket.[6] In other words, the only notice AT&T arguably received of a docket entry was of the sealing docket entries. That cannot be notice of an event (the entry on the docket of the denial of the substantive orders) that has not yet occurred. As a result, AT&T "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment . . . within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). In my view, since notice of entry of the orders was never provided—the only event that triggers the time for appeal—both the district court and the majority err in holding that the requirements of FRAP 4(a)(6) were not satisfied.

V

The majority suggests that, even if the dissent is correct as to the scope of FRAP 4(a)(6), the district court should be sustained because it had discretion to deny relief under FRAP 4(a)(6). But the district court here did not exercise discretion. Rather it held that it was without authority "[b]ecause Defendants received notice of the denial of their post-trial motions" and therefore would "not reopen the time to file a notice of appeal under Rule 4(a)(6), which requires a lack of notice." J.A. 7. The district court's holding was thus premised on an error of law

---

[6] The majority relies on the Seventh Circuit's decision in *Lim v. Courtcall Inc.*, 683 F.3d 378, 381 (7th Cir. 2012) for the proposition that receipt of the underlying judgment or order satisfies FRAP 4(a)(6), but that case did not address whether receipt of the order without receipt of the docket entry satisfies the rule, and the plaintiff there may well have received notice of the docket entry together with the order. In any event, as discussed above, the rule is clear—there must be receipt of notice of the entry of the order, not just the order itself. Only the entry starts the time for appeal.

and not an exercise of discretion. "A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996); *Am. Signature, Inc. v. United States*, 598 F.3d 816, 823 (Fed. Cir. 2010) ("An abuse of discretion may be established under Federal Circuit law by showing that the court made a clear error of judgment in weighing the relevant factors or exercised its discretion based on an error of law or clearly erroneous fact finding." (internal quotation marks omitted)).

## VI

I would find that FRAP 4(a)(6) applies here.[7] I respectfully dissent from the majority's contrary conclusion.

---

[7]    FRAP 4(a)(6) also requires that "the court find[] that no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The district court found that "Plaintiff would be prejudiced if Defendants are permitted to file its notice of appeal after missing the deadline. This prejudice also prevents the Court from granting Defendants an extension of time to file its notice of appeal under Rule 4(a)(6)." J.A. 7. The majority correctly does not rely on this statement by the district court. Plaintiff argued at the district court that it was prejudiced because it paid a debt in cash after the deadline had passed for AT&T to appeal. Plaintiff stated that "[b]y foregoing the alternative [non-cash] option due to plaintiff's reliance on the missed deadline, plaintiff was prejudiced because it was prevented from using those funds to pursue other opportunities separate and apart from this litigation." J.A. 13871. It is unclear how this could establish that re-opening the time for appeal would prejudice plaintiff. Furthermore, defendants offered in response to reimburse plaintiff for costs it incurred as a result of paying in cash. Prejudice requires "some adverse consequence other than the cost of having

to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. App. P. 4 advisory committee's note to 1991 amendment.