NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 57

No. 2017-360

In re Grievance of Edward Von Turkovich

Supreme Court

On Appeal from
Labor Relations Board

March Term, 2018


Gary F. Karnedy, Chair

Richard T. Cassidy and Matthew M. Shagam of Rich Cassidy Law, South Burlington, for
  Appellant.

Thomas J. Donovan, Jr., Attorney General, and Sarah London, Assistant Attorney General,
  Montpelier, for Appellee.


PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.    **REIBER, C.J.**    Grievant Edward von Turkovich appeals the decision of the Vermont Labor Relations Board denying his motion to enlarge the time for him to file a notice of appeal. We affirm.

¶ 2.    Grievant filed an employment grievance with the Board in January 2017. Grievant's employer filed an answer and a motion to dismiss the next month. Grievant filed a memorandum in opposition to the motion to dismiss in late March 2017. On the same day, the attorney representing grievant (attorney) moved offices. Prior to the move, attorney's law firm notified the United States Postal Service (USPS) that it should forward the firm's mail to the new address. Attorney did not update the firm's address with the Board, as required by Board rule.

Vermont Labor Relations Board Rules of Practice § 12.4 [hereinafter Rules of Practice], http://vlrb.vcms.vt.dev.cdc.nicusa.com/sites/vlrb/files/documents/Rules%20of%20Practice/Part%201/part1.htm (requiring attorney to notify Board if address changes while matter is pending). On June 13, 2017, the Board dismissed the grievance. That same day, the Board mailed the order dismissing the grievance to the address attorney had provided, which was attorney's former address. The Board's envelope read "return service requested," which led the USPS to return the order to the Board rather than forwarding it to attorney. The USPS took thirty-four days to do so, returning the mail on July 17, 2017. It is unknown what caused the delay in returning the mail. When returning the mail, the USPS provided the Board with attorney's forwarding address. The Board mailed the order to attorney a second time on July 18, 2017, this time to the current address, as provided by the USPS, and attorney received it on July 20, 2017. The Board also posted the decision on its website three days after it issued the order.

¶ 3.    Grievant moved the Board for more time to appeal the dismissal. The Board follows the Vermont Rules of Appellate Procedure in reviewing appeals. V.R.A.P. 1 (stating Vermont Rules of Appellate Procedure apply to appeals of administrative decisions). According to the rules, a party must file an appeal within thirty days of the date the order being appealed was entered. V.R.A.P. 4(a). If a party fails to timely file, the party may request an extension of time in which to appeal. V.R.A.P. 4(d). To qualify for an extension, the party must file within thirty days of the initial appeal period, and he or she must show that the failure to file within the initial appeal period was due to "excusable neglect or good cause." V.R.A.P. 4(d)(1). In this case, the Board's order did not reach attorney until after the initial appeals period had passed. Attorney therefore requested the Board to extend the time in which to appeal. The Board denied the request, concluding there was no showing of excusable neglect or good cause, and therefore there was no basis to permit an extension of time. This appeal followed.

2

¶ 4. Attorney concedes that he made a mistake and cannot show good cause. Therefore, the only issue on appeal is whether the Board erred in finding the failure to file was not due to excusable neglect. We review the Board's decision for an abuse of discretion. In re Stowe Cady Hill Solar, LLC, 2018 VT 3, ¶ 17, __ Vt. __, 182 A.3d 53 ("[W]e review an agency's procedural rulings for abuse of discretion."); Clark v. Baker, 2016 VT 42, ¶ 20, 201 Vt. 610, 146 A.3d 326 ("The decision of the trial court in deciding whether there has been excusable neglect is discretionary, and our review is for abuse of discretion."). We will not disturb the Board's decision unless it "declined to exercise its discretion or has done so on untenable or unreasonable grounds." Stowe Cady Hill Solar, LLC, 2018 VT 3, ¶ 17.

¶ 5. Any discussion of our approach to this standard must begin with In re Town of Killington, 2003 VT 87A, 176 Vt. 60, 838 A.2d 98. In that case we discussed the legal standard for excusable neglect at length, and we reiterate that analysis here. Id. Vermont Rule of Appellate Procedure 4 is "substantially identical" to its federal counterpart, so we have found federal authority helpful in articulating the excusable neglect standard. Id. ¶ 16; Clark, 2016 VT 42, ¶ 18 (relying on federal law to determine excusable neglect standard under V.R.A.P. 4 because Vermont rule "was taken from the identical federal rule"). Following federal case law, we have identified several factors bearing on whether a party's failure to file constitutes excusable neglect: " 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.' " Town of Killington, 2003 VT 87A, ¶ 16 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (alterations omitted)); see also Clark, 2016 VT 42, ¶ 18 (stating Pioneer provides "the definitive explanation of the excusable neglect standard"). We give particular attention to whether the delay "was within the reasonable control of the movant." Town of Killington, 2003 VT 87A, ¶ 16. Although the excusable neglect standard is an " 'elastic concept' that requires an equitable

determination," federal courts have made clear the "threshold" for excusable neglect "remains high." Id. (quoting Pioneer Inv. Servs. Co., 507 U.S. at 392). We have affirmed this "appropriately hard line," particularly when neglect "stems from factors totally within the control of a party or its attorney." Id. ¶ 17 ("Notwithstanding the flexibility of the 'excusable neglect' concept, its application . . . must remain strict lest there be a de facto enlargement of the appeal-filing time . . . ."). Accordingly, a party generally will not show excusable neglect if the party "fails to follow the clear dictates of a court rule," Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quotation and alterations omitted), or cannot show "substantial diligence, and professional competence, but as the result of some minor neglect, compliance was not achieved." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 328 (3d Cir. 2012) (quotation and alterations omitted). The neglect of a party's attorney is attributable to the party. Clark, 2016 VT 42, ¶ 18.

¶ 6.     In this case, attorney failed to update his mailing address with the Board in a timely manner, as required by Board rules. Rules of Practice § 12.4. As a result, grievant did not receive notice of the Board's order within the thirty-day appeals window. Applying the Pioneer test articulated by the United States Supreme Court, we agree with the Board that the factors of delay, prejudice, and good faith weigh in favor of grievant. But our primary focus must be the reason for the delay. The delayed notice was within attorney's control and is analogous to a breakdown in internal office procedures, which we repeatedly have found is not excusable neglect. See Coles v. Coles, 2013 VT 36, ¶ 10, 193 Vt. 605, 73 A.3d 681 (observing failure to open mail due to attorney's vacation is not excusable neglect); Killington, 2003 VT 87A, ¶ 19 (rejecting excusable neglect argument based on office procedure breakdown); Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78, 838 A.2d 918 (rejecting excusable neglect argument based on internal office breakdown resulting from attorney's vacation and stating these "more commonly occurring situations . . . do not constitute excusable neglect"); see also Jin v. Metro. Life Ins. Co., No. 95 CIV. 4427(DFE), 2003 WL 21436211, at *3-4 (S.D.N.Y. June 20, 2003), aff'd, 88 F. App'x 456

4

(2d Cir. 2004) (rejecting excusable neglect argument where attorney changed secretaries and moved offices, resulting in failure to calendar appeal deadline or find copies of judgment mailed to attorney). It was not "unforeseeable human error" beyond attorney's control. George Harms Const. Co. v. Chao, 371 F.3d 156, 165 (3d Cir. 2004) (finding error due to mail-handling procedure excusable when procedures had been reliable for six years and "loss of the citations was an unforeseeable human error beyond [company's] reasonable control").

¶ 7. Grievant argues that although attorney had control over updating contact information and mail forwarding, he did not have control over the Board's decision to request "return service," which prevented mail forwarding to his new address, or the thirty-four days the USPS took to return the mail. Nor could have attorney foreseen the delay in receiving the order. Given that those factors outside of attorney's control contributed significantly to the delay in filing, attorney argues the failure was excusable. We disagree. Attorney could have avoided the present result simply by updating his mailing address with the Board between March 2017, when he moved, and June 2017, when the Board mailed the order.

¶ 8. Grievant also argues that when the Board emphasized attorney's mistake in its analysis, it conflated the "good cause" and "excusable neglect" standards and ruled that "any mistake is per se inexcusable." We do not understand the Board as saying that any mistake precludes excusable neglect, and we do not hold so here. By definition, excusable neglect is relevant only when there is a mistake, and heavily weighting the "reason for the delay, including whether it was in the reasonable control of the movant" does not render all mistakes per se inexcusable. Clark, 2016 VT 42, ¶ 18 (quotation omitted) (noting that excusable neglect standard "requires failure to comply with a filing deadline attributable to negligence" and upholding trial court's determination that attorney's error was excusable neglect despite emphasizing "reason for the delay" factor as most important (quotation and alteration omitted)). It merely preserves an appropriately strict standard. See Town of Killington, 2003 VT 87A, ¶ 17 (affirming excusable

5

neglect standard "must remain strict lest there be a de facto enlargement" of appeals period and noting "the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced" (quotation omitted)).

¶ 9.    Accordingly, we conclude the Board did not abuse its discretion in holding that grievant' s failure to file was not due to excusable neglect.

Affirmed.

FOR THE COURT:

_____
Chief Justice

6