<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

**No. 13-6566**

CARLOS WOODS,

                              Petitioner - Appellant,

          v.

ATTORNEY GENERAL OF THE STATE OF MARYLAND,

                              Respondent - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:12-cv-01260-WDQ)

Submitted:  May 30, 2013                    Decided:  June 5, 2013

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carlos Woods, Appellant Pro Se.  Edward John Kelley, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Woods appeals the district court's order denying his motion for an extension of time to appeal or, alternatively, to reopen the period to appeal the dismissal as time-barred of his 28 U.S.C. § 2254 (2006) petition for a writ of habeas corpus. We affirm.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's judgment of dismissal was entered on the docket on December 3, 2012. Woods did not file a notice of appeal. On March 15, 2013, the district court received correspondence from Woods requesting that the December 3 judgment be "recalled" so that he could appeal it. Woods claimed in this and in ensuing correspondence that he learned of the judgment on March 7, 2013. Woods had been transferred between facilities in the Bureau of Prisons on November 5, 2012 and claims that, at some unspecified point after he arrived at the United States Penitentiary Lewisburg ("USP Lewisburg"), he "wrote the court to inform [it] of [his] address change."

2

The docket in this case, however, shows no correspondence from Woods between October 13, 2012 and January 29, 2013. The copy of the district court's judgment sent to Woods on December 3, 2012 had been returned as undeliverable.

The district court construed Woods' March 15 correspondence as a motion for an extension of time to appeal or, alternatively, to reopen the period to appeal. The court denied the motion, determining that Woods was not entitled to relief under Rule 4(a)(5) and that, even if Woods met the requirements for reopening the appeal period under Rule 4(a)(6),[1] it would not exercise its discretion to reopen the appeal period.

On appeal, we confine our review to the issues raised in the Appellant's brief. See 4th Cir. R. 34(b). Because Woods' informal brief does not challenge the district court's determination that he was not entitled to relief under Rule 4(a)(5), he has forfeited appellate review of that ruling. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

---

[1] Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after entry; (2) the party moved to reopen the appeal period within 180 days of judgment or within fourteen days of receiving notice of judgment, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

With respect to the district court's ruling denying Woods relief under Rule 4(a)(6), the rule is permissive and allows a district court to deny a motion to reopen even if the movant meets the rule's three requirements. See In re Jones, 970 F.2d 36, 39 (5th Cir. 1992) (noting that Rule 4(a)(6) is discretionary). Because Woods' failure to keep the district court apprised of his address change led to his not receiving the dismissal order in a timely manner,[2] the district court did not abuse its discretion in denying him relief under Rule 4(a)(6). See Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) ("If in a particular case the movant is at fault-if the movant negligently failed to notify the clerk of his change of address, for example-then the district court may, in its discretion, deny relief under Rule 4(a)(6)."); Jones, 970 F.2d at 39 (stating standard of review).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

---

[2] Although Woods was transferred to USP Lewisburg on November 5, 2012, he did not notify the district court clerk of his change of address until January 30, 2013, when the court received correspondence from Woods bearing the USP Lewisburg address. Woods does not suggest any reason for the nearly three-month delay.

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED