NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3299
_____

CAL HEIDELBERG, JR.,
                              Appellant

v.

CITY OF ERIE POLICE DEPARTMENT; DISTRICT ATTORNEY ERIE COUNTY;
CAPTAIN FRANK KWITOWSKI; OFFICER ANTHONY ATTALLA;
OFFICER JOHN POPOVIC; BRANDON BANGAL, District Attorney's Office;
R. GREENE, "Officer" E.P.D.; John Doe "1", Dispatch at E.P.D.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 14-cv-00116)
Magistrate Judge: Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2016
Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Opinion filed: February 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Cal Heidelberg, Jr. appeals from orders of the Magistrate Judge dismissing his

complaint and denying his "Motion to Set Aside Judgment to Reopen Case Due to Non

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Culpable Negligence."[1]  For the reasons that follow, we will dismiss the appeal in part for lack of appellate jurisdiction and affirm in part to the extent of our jurisdiction.

On April 18, 2014, Heidelberg, then an inmate at the Erie County Prison in Erie, Pennsylvania, filed a pro se civil rights complaint, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania.  He named as defendants the City of Erie Police Department, Captain Frank Kwitowski, Officer Anthony Attala, Officer Popovic, the District Attorney's Office, Assistant District Attorney Brandon Bingle, Officer R.E. Williams (originally misidentified as "R. Greene"), and a John Doe Erie Police Dispatcher later identified as "OIC Eberlein."  Heidelberg alleged in his complaint that Erie police officers subjected him to a false arrest, and that Assistant District Attorney Bingle subjected him to a malicious prosecution based on that false arrest, in violation of his rights under the Fourth and Fourteenth Amendments.  The police stopped Heidelberg's vehicle on December 13, 2012, ordered him to exit it, searched his pockets, and found within one of his pockets a container of crack cocaine.  Heidelberg was arrested and charged with possession of crack cocaine; an additional distribution charge was added later.  Heidelberg subsequently moved to suppress the evidence obtained during the arrest; his motion was granted.  The Commonwealth then chose not to proceed with the prosecution, and the state trial court issued a *nolle prosequi* order.  This civil rights action complaining about an unconstitutional arrest followed.

The defendants filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), contending that Heidelberg had failed to state a claim upon which relief may be granted.  Heidelberg submitted a response in opposition to dismissal and a

---

[1] The parties consented to jurisdiction by a United States magistrate judge, see 28 U.S.C. § 636(c)(1).

motion for leave to amend the complaint. On September 15, 2014, the Magistrate Judge denied the motion for leave to amend without prejudice, advising Heidelberg that he should simply file his proposed amended complaint if he only sought to clarify or supplement the allegations in his original complaint. Then, when there was no further activity in the case, the Magistrate Judge granted the defendants' motions and dismissed the complaint in an order entered on March 27, 2015. The Magistrate Judge reasoned that the claims could not proceed against the City of Erie because municipal liability under § 1983 requires a plaintiff to allege the existence of a policy or custom that resulted in a constitutional violation, Monell v. Dep't of Social Services, 436 U.S. 658, 694-95 (1978); Heidelberg had made no such allegation. With respect to the individual police officers, the Magistrate Judge reasoned that civil rights claimants in this circuit are entitled to relief for false arrest and malicious prosecution only if they are innocent of the crime for which they were prosecuted, citing Hector v. Watt, 235 F.3d 154, 156-57 (3d Cir. 2000) (victims of unreasonable searches cannot be compensated for injuries that result from discovery of incriminating evidence and consequent criminal prosecution). Here the charges against Heidelberg were merely *nolle prossed* because the Commonwealth's evidence -- the crack cocaine -- was ordered suppressed by the trial court. Heidelberg was not innocent of possession of crack cocaine. Last, the Magistrate Judge determined that Assistant District Attorney Bingle was absolutely immunized from a suit for money damages, citing Imbler v. Pachtman, 424 U.S. 409, 420 (1976).

On June 29, 2015, Heidelberg filed a motion in the District Court titled "Motion to Set Aside Judgment to Reopen Case Due to Non Culpable Negligence." In a text-only

3

order entered on the civil docket on August 25, 2015, the Magistrate Judge denied the motion. The Magistrate Judge stated, in pertinent part:

> The Court notes that [Heidelberg's] primary complaint is that he never received a copy of the final judgment in this case because [he] was no longer at the Erie County Prison, which was [his] last known address where the judgment was mailed. It was [his] responsibility to file a notice of change of address with this Court upon being transferred to another institution; therefore, [he] has stated no grounds upon which judgment will be set aside….

Order of Magistrate Judge, August 25, 2015, Docket Entry No. 32.

On September 21, 2015, Heidelberg filed a notice of appeal from the Magistrate Judge's March 27, 2015 order dismissing his complaint, resulting in the instant appeal. Our Clerk advised the parties that the appeal was subject to dismissal for lack of jurisdiction because the notice of appeal was not timely filed. The parties were invited to submit a response to the question of jurisdiction. Following that, our Clerk notified the parties that the appeal would not be submitted to a motions panel for dismissal. The parties were directed to address the jurisdictional issue in the briefs. Briefing is now complete. In his pro se Informal Brief, Heidelberg argues that he did not receive the Magistrate Judge's order dismissing his complaint through no fault of his own, and that the District Court neglected its clerical duties. Appellant's Informal Brief, at ¶ 2.

We will dismiss the appeal in part for lack of appellate jurisdiction. The taking of an appeal within the prescribed time is mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209 (2007). Heidelberg had thirty (30) days from the Magistrate Judge's March 27, 2015 order in which to timely file a notice of appeal, Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a), or until Monday, April 27, 2015, see Fed. R. App. P. 26(1)(C). His September 21, 2015 notice of appeal was not timely filed with respect to

4

the order dismissing the complaint pursuant to Rule 12(b)(6).  Accordingly, we lack jurisdiction to review that order.

We conclude that we may, however, exercise jurisdiction over the Magistrate Judge's order denying Heidelberg's "Motion to Set Aside Judgment to Reopen Case Due to Non Culpable Negligence."  His September 21, 2015 notice of appeal was timely filed within thirty days of the Magistrate Judge's August 25, 2015 text-order, see Fed. R. App. P. 4(a)(1)(A).  In addition, although Heidelberg did not designate the August 25, 2015 text-order in his notice of appeal, see Fed. R. App. P. 3(c)(1)(B), we may exercise appellate jurisdiction over "orders that are not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues."  Cortez v. Trans Union, LLC, 617 F.3d 688, 695 n.2 (3d Cir. 2010) (quoting Polonski v. Trump Taj Mahal Associates, 137 F.3d 139, 144 (3d Cir. 1998)).  These conditions are satisfied here.

We will affirm the Magistrate Judge's order denying Heidelberg's "Motion to Set Aside Judgment to Reopen Case Due to Non Culpable Negligence."  The appeal period may be reopened if "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)."  Fed. R. App. P. 4(a)(6)(A).  Service of the final order pursuant to civil Rule 77(d) is proper where it is mailed to the person at his last known address.  Fed. R. Civ. P. 5(b)(2)(C).  The final order entered on March 27, 2015 was mailed to Heidelberg's last known address and it was his responsibility to file a notice of change of address with the District Court upon being transferred to another institution.  The District Court civil docket report reflects that the order was mailed to the

5

Erie County Prison, Heidelberg's address of record (and returned to the District Court marked "Return to Sender, Not Here").

We note that Heidelberg mailed a post-judgment amended complaint to the District Court on April 13, 2015, and that the return address on the envelope indicated that he was now incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"), see Docket Entry No. 29-1. We conclude, however, that the District Court Clerk's Office staff cannot be faulted for failing to notice this. Simply stating a new return address on an envelope that contains and transmits a pleading for filing is not adequate to give notice of a change of address. "The parties … bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change." Theede v. United States Department of Labor, 172 F.3d 1262, 1267 (3d Cir. 1999). See also Poole v. Family Court of New Castle County, 368 F.3d 263, 266 n.4 (3d Cir. 2004) ("It is simply asking too much of the district court clerk to note that the address listed on [the inmate's] letter was different from the address that [he] had previously provided."). Moreover, as the appellees have noted, the Magistrate Judge's June 11, 2014 order, see Docket Entry No. 10, sets forth the requirement that "Plaintiff shall immediately advise the court of any change of address," and that, "[f]ailure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other documents upon Plaintiff." Accordingly, even if we were to assume that Heidelberg's "Motion to Set Aside Judgment to Reopen Case Due to Non Culpable Negligence" is properly construed as a motion to reopen the appeal period

6

under Fed. R. App. P. 4(a)(6), *and* that it was timely filed,[2] the Magistrate Judge properly declined to reopen the appeal period and properly denied the motion because service of the final order was mailed to Heidelberg at his last known address.

For the above reasons, we will dismiss the appeal in part for lack of appellate jurisdiction and affirm the Magistrate Judge's order denying Heidelberg's "Motion to Set Aside Judgment to Reopen Case Due to Non Culpable Negligence."

---

[2] The motion was filed within 180 days after judgment was entered, but the rule requires that the motion be filed "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry," if that date is earlier. Fed. R. App. P. 4(a)(6)(B). The appellees have challenged whether the motion was filed within 14 days after Heidelberg received notice of the final order.