**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

LOGISTICARE SOLUTIONS, INC.,

     Defendant - Appellee.

No. 17-4109
(D.C. No. 2:16-CV-00755-BSJ)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

    Cedric Greene brought suit against Logisticare Solutions, Inc., alleging

negligent infliction of emotional distress. On July 18, 2016, the district court

dismissed Greene's complaint sua sponte for lack of subject matter jurisdiction.

Greene then filed a notice of appeal on April 14, 2017. We abated Greene's appeal

and remanded the case to the district court with directions to treat the notice of

appeal as a motion to reopen time to file an appeal. *See* Fed. R. App. P. 4(a)(6). The

district court denied Greene's motion to reopen as untimely. Accordingly, we

_____

[*] After examining Greene's brief and the appellate record, this panel has
determined unanimously that oral argument wouldn't materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
isn't binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. But it may be cited for its persuasive value. *See*
Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

dismissed Greene's appeal for lack of jurisdiction. Greene then filed a second Rule 4(a)(6) motion to reopen, which the district court also denied. Greene now timely appeals that decision.

We generally review a district court's denial of a Rule 4(a)(6) motion for abuse of discretion. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). But Greene makes no effort to explain whether—let alone how—the district court abused its discretion in denying his second Rule 4(a)(6) motion. Thus, we affirm. *See Nixon v. City and Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("[T]he first task of an appellant is to explain to us why the district court's decision was wrong."); *Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006) (affirming ruling that went unchallenged on appeal).

Entered for the Court


Nancy L. Moritz
Circuit Judge

2