**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6778

MELODIE SHULER,

Plaintiff - Appellant,

v.

ORANGEBURG COUNTY SHERIFF'S DEPARTMENT; SHERIFF LEROY RAVENELL, in his individual and official capacity; CAPTAIN ANTONIA TURKVANT, in her individual and official capacity; CHIEF KENNETH KINSEY, in his individual and official capacity; CAPTAIN LACREA JENKINS, in his individual and official capacity; LIEUTENANT COYLER, in his individual and official capacity; SERGEANT ALLEN HUNTER, in his individual and official capacity; FRANKLIN ASHLEY WILLIAMS, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office; MICHAEL LAWRENCE, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office; JOHN STUKE, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office; DEREK HOWELL, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office; ANDRE BRISBON, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office; CHRIS POWELL, in his individual and official capacity as a deputy sheriff of Orangeburg Sheriff's Office,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. Mary G. Lewis, District Judge. (5:19-cv-00088-MGL)

Argued: March 7, 2023                                    Decided: June 23, 2023

Before GREGORY, Chief Judge, WYNN, and DIAZ, Circuit Judges.

_____

Vacated and remanded by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Diaz joined.

_____

**ARGUED:**  David Mitchell Parker, HUNTON ANDREWS KURTH, LLP, Richmond, Virginia, for Appellant.   Andrew Lindemann, LINDEMANN LAW FIRM, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF:** Norma A.T. Jeff, NESS & JEFF, LLC, Bamberg, South Carolina, for Appellees.

_____

2

GREGORY, Chief Judge:

Melodie Shuler, an attorney, filed a civil rights action against two Orangeburg County, South Carolina sheriff's deputies (collectively, the "defendants"). As a *pro se* plaintiff, Shuler received repeated notice of the requirement to immediately inform the court of any change in her address. After Shuler failed to provide an updated address, she did not receive the magistrate judge's Report and Recommendation filed in her case, or the district court's order adopting the Report and Recommendation and dismissing her case on summary judgment. Accordingly, she missed deadlines to file objections to the Report and Recommendation and to note an appeal of the district court's summary judgment order.

After the defendants moved to dismiss Shuler's appeal to this Court as untimely, the district court granted Shuler's motion to reopen the time to note an appeal to this Court, giving her fourteen days to do so. Yet, by the time Shuler re-filed her notice of appeal as permitted by the district court below, her appeal was already pending in this Court. To ensure that we have jurisdiction to consider Shuler's appeal, we asked the parties to address "[w]hether [Shuler] received notice of the entry of the judgment under Fed. R. Civ. P. 77(d) more than 21 days after entry such that the district court had the authority to reopen the appeal period under Fed. R. App. P. 4(a)(6)." ECF No. 22 at 2. Accordingly, in this appeal, we address what it means to "receive notice" for purposes of a Federal Rule of Appellate Procedure 4(a)(6) motion to reopen the time to note an appeal to this Court.

For the reasons that follow, we find that because Shuler did not receive actual notice of the entry of judgment in her case, the first of Rule 4(a)(6)'s three statutory requirements for reopening the time for appeal has been met. We find that the remaining requirements

3

of Rule 4(a)(6) have been satisfied as well, but vacate the decision below and remand the case to the district court to consider whether the circumstances presented here warrant the exercise of discretion to reopen the time for Shuler's appeal.

I.

On January 9, 2016, Shuler was arrested for third-degree assault and battery by two Orangeburg, South Carolina sheriff's deputies. She was tried in absentia and found guilty on April 5, 2016. On January 11, 2019, Shuler filed a *pro se* civil rights action[1] against the Orangeburg deputies who arrested her and several others,[2] alleging federal and state causes of action arising out of her arrest. Although Shuler filed her complaint *pro se*, she informed the court that she was a lawyer, but not a member of the South Carolina Bar. The district court treated her as any other *pro se* plaintiff, and as such, she received the required notices and detailed guidance on how to proceed with her case typically provided to *pro se*

---

[1] The magistrate judge deciphered a jumbled and lengthy complaint that included several claims against multiple groups of defendants. The magistrate judge divided Shuler's claims into six distinct complaints, assigning each complaint a separate case number. The present case was assigned the case number under which her complaint was initially filed. *See generally Shuler v. Orangeburg Cnty. Sheriff's Dep't.*, No. 5:19-cv-88-MGL (D.S.C.).

[2] The magistrate judge issued a separate Report and Recommendation on July 8, 2019 (the "July 2019 Report") recommending that the Orangeburg Sheriff's Department and ten other individual defendants named in Shuler's complaint be summarily dismissed from the matter. J.A. 112. Shuler filed objections to the Report on July 29, 2019. The July 2019 Report was still pending when the magistrate judge issued the March 2020 Report, which pertained only to the deputies who arrested Shuler—the only defendants the magistrate judge recommended remain in the action.

4

plaintiffs.  Relevant here, several orders entered by the court directed Shuler's attention to the following notice:

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that orders and other matters that specify deadlines for you to meet will be received by you.  If, as a result of your failure to comply with this order, you fail to meet a deadline set by this court, ***your case may be dismissed for violating this order***. Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with the court.  Your failure to do so will not be excused by the court.

J.A. 70, 77, 81, 84–85, 89 (emphasis in original).

Shuler's case was referred to a federal magistrate judge who, on March 11, 2020, filed a Report and Recommendation (the "March 2020 Report") on a motion for summary judgment filed by the defendants and a cross-motion for summary judgment filed by Shuler.  The magistrate judge recommended that the district court grant the defendants' motion and deny Shuler's because her federal claims were either barred by the applicable statute of limitations or failed as a matter of law.  The magistrate judge separately denied Shuler's motion to amend her complaint as both untimely and futile.

The March 2020 Report included notice of Shuler's right to file specific written objections with the district court within "fourteen (14) days of the date of service," and warned that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" J.A. 120 (quoting *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).  Further, in bold print,

5

the notice stated that "[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation."  J.A. 120.

The clerk's office mailed a copy of the March 2020 Report to Shuler's address on file with the court on March 12, 2020.  On March 24, 2020, the post office returned Shuler's copy to the court marked "RETURN TO SENDER[.] ATTEMPTED – NOT KNOWN[.] UNABLE TO FORWARD[.]"  J.A. 10, 130.  Shuler filed no objections to the March 2020 Report, and on April 22, 2020, the district court issued a final order adopting the Report and the magistrate judge's recommendation to grant summary judgment in favor of the defendants.[3]  The clerk mailed copies of the final order and judgment to Shuler on April 23, 2020, and they too were returned to the clerk's office as undeliverable.

In its order granting summary judgment, the court acknowledged that Schuler's copy of the March 2020 Report was returned to the clerk's office in the mail and, "[a]s such, Shuler ha[d] neglected to file any objections" to it.  J.A. 130.  Thus the court, consistent with its prior warning to Shuler, did not conduct a *de novo* review of the March 2020 Report.  Rather, after a "thorough review of the Report and the record" pursuant to the clear error standard, the court adopted it and granted the defendants' motion for summary judgment.  *Id.*  The court also noted that by failing to object, Shuler had waived her right to appellate review.  *Id.*

---

[3] At the same time, the district court adopted the recommendations of the July 2019 Report, finding that Shuler's objections to that Report lacked merit, and dismissing the Sheriff's Department and the other defendants from the action.  J.A. 123–28.

Shuler had thirty days to note an appeal of the district court's April 22, 2020 judgment. She mailed a notice of appeal, along with a change of address form, to the clerk's office on May 21, 2020, but it was not received and filed by the court until May 26, 2020. On June 4, 2020, the defendants moved this Court to dismiss Shuler's appeal as untimely on the ground that she failed to note her appeal "within thirty (30) days 'after entry of the judgment or order appealed from' as required by [Federal] Rule [of Appellate Procedure] 4(a)(1)(A)." ECF No. 7 at 2. Because the timely filing of a notice of appeal is a jurisdictional requirement, *see Bowles v. Russell*, 551 U.S. 205, 214 (2007), the defendants argued that Shuler's failure to file until four days after the thirty-day deadline deprived this Court of jurisdiction to review the district court's order.

On June 16, 2020, Shuler attempted to file in the district court a motion seeking additional time to note her appeal. But Shuler miscaptioned the motion with a case number corresponding to one of her other pending cases. As a result, the motion was docketed in Case No. 2:19-cv-01013-MGL, *Shuler v. North Charleston Police Department, et al.*, where the defendants' counsel was not counsel of record. The district court did not address the erroneous captioning and misfiling of the motion until November 12, 2020, when it entered a text order in Case No. 2:19-cv-01013-MGL, stating:

> Pending before the court is Plaintiff's motion for an extension of time to file an appeal. Although Plaintiff listed the number for this case in the caption of her motion, she listed different defendants than the ones listed in this matter. In fact, from the Court's review of the motion, it appears Plaintiff meant for it to be filed in another of her cases: 5:19-cv-88-MGL, Shuler v. Orangeburg County Sheriff's Department et al. Therefore, not later than November 23, 2020, Plaintiff shall file a notice with the Court indicating in which of her cases the motion should have been filed. The Court will construe her failure to do so

7

> as her agreement that the motion should be filed in 5:19-cv-88-MGL, Shuler
> v. Orangeburg County Sheriff's Department et al.

J.A. 20. When Shuler failed to respond, her motion was filed on the docket for this case on November 24, 2020—but backdated to June 16, 2020, the date of its original filing. The docket entry included the note, "Response to Motion due by 6/30/2020"—a date that had long since passed. J.A. 162. Notably, a similar text order regarding the misfiling of the motion was not entered in this case, which by this time was already on appeal to this Court. The district court nonetheless granted Shuler's motion as "unopposed" without referencing these procedural irregularities.

In her motion, Shuler moved the district court to extend the time to note an appeal under Federal Rule of Appellate Procedure 4(a)(5), for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), or for relief from Federal Rule of Appellate Procedure 4(a)(6)'s requirements under Federal Rule of Civil Procedure 77(d). Relevant here, she argued that "the final documents were not mailed [to her] until April 23, 2020," so she "had an additional three days added to the deadline, which ma[de] her Notice of Appeal timely" under Federal Rule of Civil Procedure 6(d) and Federal Rule of Appellate Procedure 26. J.A. 149. She also explained that she had "discovered on or about May 18, 2020 through a [G]oogle search" that the district court had dismissed her case, and upon that revelation she "decided to send a change of address with the Notice of Appeal." J.A. 156. She claimed that she missed the deadline due to "extraneous independent acts" outside of her control and "despite her negligence she diligently attempted to timely file her notice of appeal which was properly mailed but for some unknown reason did not reach the court building on time." J.A.

8

157 (quotations omitted). She maintained that consistent with Rule 4(a)(6)'s requirements, (1) she did not receive notice under Rule 77(d) of entry of the judgment or order appealed from within 21 days after entry; (2) her motion was filed within 180 days after the judgment; and (3) granting the motion would not prejudice the opposing parties.

In a March 11, 2021 order, the district court construed Shuler's motion as an unopposed Rule 4(a)(6) motion to reopen the time to appeal the court's orders adopting the magistrate judge's March 2020 and July 2019 Reports. J.A. 10, 164–65. The court then summarily granted the Rule 4(a)(6) motion without explanation, finding that Shuler had met its requirements, and gave her fourteen days from the date of the order to refile her notice of appeal. J.A. 165.

Turning to Shuler's unopposed Rule 60(b)(6) motion, which it construed as "a request for additional time to submit objections to" the March 2020 Report, the court stated it was "inclined to grant" the request. J.A. 165. The court directed Shuler to "file a motion with the Fourth Circuit Court of Appeals for a limited remand within ten days of the date of this Order so the Court may allow her to file her objections as to [the March 2020 Report]" in the district court. J.A. 165.

Per the district court's order, Shuler filed a subsequent notice of appeal with the district court on March 22, 2021, which addressed both the March 2020 and July 2019 Reports. In a "Request for Remand" filed with this Court on March 19, 2021, Shuler

9

requested a limited remand so that the district court could allow her to file objections to the March 2020 Report. *See* ECF No. 17 at 1.[4]

At the time Shuler re-filed her notice of appeal, her appeal had already been pending in this Court for several months. On August 2, 2021, "to ensure that [this Court had] jurisdiction to consider Shuler's appeal," we ordered the parties to brief the following issue: "Whether [Shuler] received notice of the entry of the judgment under Fed. R. Civ. P. 77(d) more than 21 days after entry such that the district court had the authority to reopen the appeal period under Fed. R. App. P. 4(a)(6)." ECF No. 22 at 2.

## II.

This Court reviews a district court's grant of a Rule 4(a)(6) motion to reopen the time for appeal for abuse of discretion. *Herman v. Lackey*, 309 F. App'x 778, 781 (4th Cir. 2009); *Graham v. Maryland Dep't of Corr.*, 266 F. App'x 293, 293 (4th Cir. 2008).

## III.

## A.

As a general matter, this Court has jurisdiction over this appeal from a final order pursuant to 28 U.S.C. § 1291. The defendants, however, contend this Court lacks appellate jurisdiction because Shuler's notice of appeal was untimely, and the district court abused its discretion in granting her motion to reopen the time to note an appeal.

---

[4] This Court has deferred ruling on the motion to remand, *see* ECF No. 22 at 2, and it is currently pending.

10

The record before us reflects that the district court granted summary judgment to the defendants on April 22, 2020, and that Shuler filed a notice of appeal on May 26, 2020. Shuler admits that she mailed her notice of appeal "with one day to spare" but due to "transit and processing time," the notice was not docketed for several days, rendering it untimely. Opening Br. at 1. Typically, our inquiry would end here, as the untimeliness of the notice of appeal would deprive this Court of jurisdiction. *See Bowles*, 551 U.S. at 214. But Shuler maintains that she has met the Rule 4(a)(6) requirements for reopening the time for appeal, and that the district court did not abuse its discretion in granting her motion. She asserts that although the clerk's mailing to her last known address effected *service* under Civil Rule 77(d), she did not receive *actual* notice of the entry of the summary judgment, thereby satisfying the requirement under Rule 4(a)(6)(A). And because she claims the remaining requirements of Rule 4(a)(6) have been satisfied as well, the district court properly reopened the appeal period.

### B.

Federal Rule of Appellate Procedure 4(a)(6) provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if its three conditions are satisfied. Fed. R. App. P. 4(a)(6). The court must find that (1) "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;" (2) "the motion is filed within 180 days after the judgment order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier;" and (3) "no party would be

11

prejudiced," Fed. R. App. P. 4(a)(6)(A)–(C). The moving party bears the burden of demonstrating compliance with Appellate Rule 4(a)(6). *See Portly-El v. Milyard*, 365 F. App'x 912, 916 (10th Cir. 2010). More specifically, "Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt" of notice. *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995); *see also Moment v. Mortel*, No. PWG-16-3966, 2018 WL 5113142, at *1 (D. Md. Oct. 18, 2018) (quoting *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002) ("The burden of proving non-receipt . . . of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6).")). We find that Shuler satisfies each of Rule 4(a)(6)'s requirements.

1.

By its own terms, Rule 4(a)(6) must be read in conjunction with Federal Rule of Civil Procedure 77(d), which governs "serving notice" of an order or judgment. "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b)." Fed. R. Civ. P. 77(d)(1). Relevant here, Federal Rule of Civil Procedure 5(b)(2)(C) provides that "[a] paper is served under this rule by: . . . mailing it to the person's last known address—in which event service is complete under mailing." Fed. R. Civ. P. 5(b)(2)(C). Rule 77(d) further provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)." Fed. R. Civ. P. 77(d)(2).

We asked the parties to address the first requirement of Rule 4(a)(6)—whether Shuler received "notice under Federal Rule of Civil Procedure 77(d) of the entry of the

12

judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). Shuler makes several factual admissions that are relevant to our analysis. In addition to her admission that her notice of appeal was untimely, she acknowledges that she did not learn of the court's judgment from the clerk's office mailing because she neglected to inform the court of her new address. Instead, she discovered the district court had entered summary judgment dismissing her claims via an internet search—with only a few days remaining to note an appeal. Shuler finally mailed a change-of-address form to the court along with her untimely notice of appeal. Notwithstanding these admissions, Shuler maintains that the circumstances here could not have provided "notice" for purposes of Appellate Rule 4(a)(6)(A) and thus do not prevent her from satisfying the requirements of the Rule.[5] Specifically, Shuler contends that while the Clerk's unsuccessful mailing of the judgment to her prior address effected *service* under Civil Rule 77(d), it was not *receipt of notice* for purposes of Appellate Rule 4(a)(6). We agree.

---

[5] We note that Shuler admits that she first learned of the court's judgment by conducting an internet search. Although Rule 5(b) lists several ways that "service" of a "paper" may be made, none of them involves a party being served in this manner. Federal Rule of Civil Procedure 5(b)(2)(E) provides that service may be made by

> sending [a paper] to a registered user by filing it with the court's electronic filing system or sending it by other electronic means that *the person consented to in writing*—in either of which events service is complete upon filing or sending, *but is not effective if the filer or sender learns that it did not reach the person to be served*. (emphasis added).

There is no allegation that Shuler discovered the judgment because it was sent to her electronically.

Civil Rule 77(d) authorizes the clerk to "serve notice" of the entry of a judgment or order as provided in Civil Rule 5(b), which in turn allows service by mail to the party's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is *served* under this rule by . . . mailing it to the person's last known address—in which event *service* is complete upon mailing.") (emphasis added)). Despite having been served in accordance with Civil Rule 5(b), Shuler claims she did not receive "notice because the mailing was returned as undeliverable," and "Rule 4(6)(A) requires 'actual receipt, not simply effective service.'"[6] Opening Br. at 9 (quoting *In re WorldCom, Inc.*, 708 F.3d 327, 335 (2d Cir. 2013)); *see also Khor Chin Lim v. Courtcall, Inc.*, 683 F.3d 378, 380 (7th Cir. 2012) ("[A] document is not 'received' under Rule 4(a)(6) until it arrives at the litigant's address.").

The defendants interpret Rules 4(a)(6), 77(d), and 5(b) differently. They concede that Shuler did not receive a copy of the court's judgment by mail, but contend that Rule 4(a)(6) does not require actual receipt. They argue that Rule 4(a)(6) would not have referenced Rule 77(d)—and in turn Rule 5(b)—if the intent was to require actual receipt as opposed to constructive receipt based on proof of service by the clerk to the last known address. Because the rule does not state that actual receipt is required but instead references Rule 77(d), the defendants equate "receipt" with proper service under Rule 5(b). In other

---

[6] Non-receipt of a court's mailing is sometimes "difficult to prove conclusively." *See Nunley*, 52 F.3d at 795. Yet, we do not face that challenge here, as the record contains "[a] returned envelope"—an "indication of failed delivery," *see id.*, as well as docket entries indicating the court's mailing was returned by the Postal Service. Indeed, the defendants do not dispute that despite proper service of a copy of the judgment to Shuler pursuant to the method authorized under Civil Rule 5(b)(2)(C), it was returned to the Clerk as undeliverable, and thus Shuler did not receive actual notice of the judgment via service by mail.

14

words, they make no distinction between the "recei[pt] [of] notice" under Rule 4(a)(6), "service of notice" under Rule 77(d), and the completion of "service" of a "paper" by mail to a person's last known address authorized in Rule 5(b)(2)(C). Following their reasoning, the defendants contend that the requirements of Rule 5(b)(2)(C) and Rule 77(d)—and thus Rule 4(a)(6)(A)—were met on April 23, 2020, when the clerk mailed the judgment to Shuler at her last known address—regardless of whether it was actually received. Because that occurred within twenty-one days of the entry of the judgment, the defendants ask us to conclude that Shuler has not met the precondition in Rule 4(a)(6)(A) and we lack jurisdiction to consider her appeal.

Notably, this Court has yet to address what constitutes "notice" for purposes of Appellate Rule 4(a)(6). For guidance in our analysis of the applicable procedural rules, we turn to, and find persuasive, authority from our sister circuits.

As the Seventh Circuit has noted, "Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of 'receipt' of a document under Rule 77(d); but Rules 77(d) and 5(b) concern 'service' rather than receipt." *Khor Chin Lim*, 683 F.3d at 380. So, while Rule 5(b)(2)(C) describes "what it means to 'serve' a document," it "does not tell us that service equals receipt." *Id.*; *see also Nunley*, 52 F.3d at 796 ("When a movant specifically denies receipt of notice, a district judge must . . . make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing.").

The Second Circuit adopted this view in *WorldCom*, expressly concluding that "Rule 4(a)(6) refers to actual receipt, not simply effective service," 708 F.3d at 335, and

15

thus, effective service under Rule 77(d) does not itself satisfy Rule 4(a)(6)(A). The court recognized that this interpretation of the text of Rule 4(a)(6)(A) is consistent with the Advisory Committee's Notes to the Rule.

> The drafters of Rule 4(a)(6) were concerned with situations in which notice "either [is] not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal" and cited not only cases in which notice was not mailed at all, but also cases in which notice was mailed but never actually received by the party. Moreover, the committee clearly contemplated a distinction between service and receipt when it said that "[w]inning parties are encouraged to send their own notice in order to lessen the chance that a judge will accept a claim of non-receipt in the face of evidence that notices were sent by both the clerk and the winning party."

708 F.3d at 334 (alteration in original) (internal citations omitted) (quoting Fed. R. App. P. 4 advisory committee's note to the 1991 amendment; Fed. R. Civ. P. 77 advisory committee's note to the 1991 amendment); *see also Khor Chin Lim*, 683 F.3d at 380 (Rule 4(a)(6) "is designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service."). Both *Khor Chin Lim* and *WorldCom* rejected the same argument the defendants make here—that a document is received for purposes of Rule 4(a)(6) when it is served under Rules 77(d) and 5(b)—on the ground that it "would prevent the rule from serving [its] function." *WorldCom*, 708 F.3d at 334 (quoting *Khor Chin Lim*, 683 F.3d at 380).

Further, in *Nunley v. City of Los Angeles*, the Ninth Circuit held that "a specific factual denial of receipt of notice rebuts the presumption of receipt, which is to be given no further weight." 52 F.3d at 793. As that court observed, "[w]hile Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Id.* at 795. Thus, any presumption of receipt of notice based on

16

proper service is certainly rebuttable where, as here, the undisputed evidence shows an appellant did not in fact receive notice.

In support of their interpretation of Rule 4(a)(6), the defendants cite an unpublished district court case from our Circuit. *See Moment*, 2018 WL 5113142 at *1. In *Moment v. Mortel*, a *pro se* incarcerated appellant filed an untimely notice of appeal after the district court issued an order dismissing his case. *Id.* at *1–2. The district court, in denying the appellant's Rule 4(a)(6) motion, concluded that the appellant received notice of the entry of a final dismissal order when the clerk mailed it to him at the correctional facility that was his last known address. *Id.* at *3. The court acknowledged that it was "clear from the record that the Clerk's . . . attempt to serve notice on Moment did not have its desired effect" because its mailing was returned as undeliverable. *Id.* Yet the court still held that "[u]nder Rule 5(b), service was 'complete' the moment the Clerk mailed the order" to his last known address, "no matter that it never reached its intended recipient." *Id.*

The defendants' reliance on this unpublished district court opinion is unsustainable given that we now hold that service pursuant to Rule 5(b)(2)(C) is not the functional equivalent of notice for purposes of Rule 4(a)(6) in a case where the return of mail as undeliverable establishes that notice of a judgment or order was in fact not received.[7]

---

[7] The defendants cite to additional unpublished, out-of-circuit cases to support their position. None, however, offer any thoughtful analysis as to the intersecting application of Rules 4(a)(6), 77(d) and 5(b). *See generally Heidelberg v. City of Erie Police Dep't.*, 678 F. App'x 65 (3d Cir. 2017); *Acosta v. Colorado*, No. 18-CV-00684-LTB, 2019 WL 8223549 (D. Colo. July 10, 2019); *Greene v. Logisticare Sols., LLC*, No. 2:16-CV-755-BSJ, 2017 WL 6033050 (D. Utah May 4, 2017), *aff'd sub nom. Greene v. Logisticare Sols., Inc.*, 697 F. App'x 603 (10th Cir. 2017).

Therefore, we conclude that even where service has been made in accordance with Rule 5(b)(2)(C), when the record establishes that the moving party did not receive notice by mail or any other method described in Rule 5(b)(2), Rule 4(a)(6)'s first condition has been satisfied. Applied here, Shuler has satisfied Rule 4(a)(6)(A) because the unrefuted evidence establishes that the clerk's mailing sent in accordance with Rule 5(b)(2)(C) was returned as undeliverable.

2.

The second precondition under Rule 4(a)(6) requires a finding that Shuler moved to reopen the time for appeal within the earlier of "180 days after the judgment" or "within 14 days after [she] receive[d] notice under Federal Rule of Civil Procedure 77(d) of the entry." Fed. R. App. P. 4(a)(6)(B). Given that Shuler did not receive notice of the entry of judgment because it was returned as undeliverable, we agree with Shuler that this precondition was met when she filed her motion to reopen on June 16, 2020—55 days after the entry of judgment on April 22, 2020.

3.

Finally, Rule 4(a)(6) requires us to consider whether reopening the time for an appeal would cause prejudice to other parties. *See* Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Note defines prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. . .[,] for example, if the appellee had taken some action in reliance on the expiration of the normal time period." Fed. R. App. P. 4 advisory committee notes to 1991 amendment.

18

Shuler contends that "Rule 4(a)(6)(C) is satisfied because [the d]efendants were not prejudiced by the brief delay in [her] appeal," that "the burden of opposing the appeal" is not enough to establish prejudice, and the defendants have not identified any other prejudice they would suffer if the district court reopened the time to file an appeal. Opening Br. at 12.

"A response from the appellee provides the most informed method for a district judge to assess the possible prejudice." *Nunley*, 52 F.3d at 795. Unfortunately, the defendants did not respond to Shuler's motion to reopen. They assert that they were not afforded the opportunity to do so below. Yet given the opportunity here to refute Shuler's assertion that they would not suffer any prejudice, they have elected to focus their response on the rule's first two requirements, stating affirmatively that this Court lacks appellate jurisdiction because Shuler "has not demonstrated compliance with the first or second preconditions under Rule 4(a)(6)." Response Br. at 11. The defendants have not argued that they were prejudiced by the reopening of the time to file a notice of appeal.[8] Accordingly, we conclude that Shuler has met the requirement of Rule 4(a)(6)(C) as well.

---

[8] The defendants do assert that "[t]he district court did not consider the procedural history" of the case and "thus unfairly described [Shuler's Rule 4(a)(6) and Rule 60(b)] motions as 'unopposed'" before reopening the time to note an appeal, Response Br. at 3, but they do not argue that they have been prejudiced on this ground. They instead claim the district court's "[in]accurate" and "grossly unfair" characterization of Shuler's motions was an abuse of discretion because they "should have been given the opportunity to be heard on the mis-filed [Rule 4(b)(6)] motion before the district court granted it." *Id.* at 15; *see also id.* at 12.

19

IV.

Notwithstanding that Shuler has met all three of Rule 4(a)(6)'s conditions, we note that "Rule 4(a)(6) . . . is permissive and allows a district court to deny a motion to reopen even if the movant meets the rule's three requirements." *Woods v. Att'y Gen. of Maryland*, 523 F. App'x 241, 242 (4th Cir. 2013) (citing *In re Jones,* 970 F.2d 36, 39 (5th Cir.1992)) (noting that "Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require the district court to grant relief, even if the requirements are met."). With this guidance in mind, we address the clerical missteps involved in the district court's consideration of Shuler's motion.

Shuler's captioning of her Rule 4(a)(6) motion with an incorrect case number resulted in its misfiling for several months. When the misfiling was discovered and corrected, the district court did not inform the defendants, but instead summarily granted Shuler's Rule 4(a)(6) motion without affording them the opportunity to respond. In its order, the court noted that the Rule 4(a)(6) motion was "unopposed," but it is unclear what impact, if any, the absence of any objection by the defendants may have had on the court's decision to grant the motion because the court did not articulate its reasons for doing so. In light of our holding that Shuler has met the three requirements of Rule 4(a)(6) permitting the district court to reopen the time for appeal, we remand this case solely to give the defendants the opportunity to present argument as to what, if any, other factual or procedural circumstances in this case support their contention that the motion should not be granted. We take no position here on the merits of such an argument. Rather the intent of our remand is only to afford the defendants an opportunity be heard on what is,

20

ultimately, a jurisdictional question, and the district court an opportunity to state its reasoning for its decision.

V.

For the foregoing reasons, we vacate the district court's decision and remand the case to the district court for further proceedings consistent with this opinion.

*VACATED AND REMANDED*