**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6372**

---

RAY BLANCHARD,

               Petitioner - Appellant,

     v.

BRIAN E. FROSH, Attorney General for the State of Maryland; WARDEN GREGORY A. WERNER

               Respondents - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge.  (1:21-cv-01494-LKG)

---

Submitted:  June 25, 2024                                      Decided:  June 28, 2024

---

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

Ray A. Blanchard, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ray A. Blanchard, a Maryland prisoner, seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Parties have 30 days after the entry of the district court's final judgment or order to note an appeal in a civil case, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). A district court may reopen the appeal period under Rule 4(a)(6) if (1) the party moving for reopening did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the entry of the judgment or order, or within 14 days after receiving notice of such entry, whichever is earlier; and (3) a reopening would not prejudice any party.

The district court entered its order on December 14, 2023, and the appeal period expired on January 16, 2024. *See* Fed. R. App. P. 4(a)(1)(A); Fed. R. App. P. 26(a)(1)(C). Blanchard filed his notice of appeal, at the earliest, on March 31, 2024.[1] Blanchard's appeal was thus filed after the appeal period expired. The district court's docket reflects, however, that the copy of the district court's order mailed to Blanchard was returned as undeliverable. The record thus does not show that Blanchard ever received notice of the order through a method of service specified in Fed. R. Civ. P. 5(b). *See* Fed. R. Civ. P.

---

[1] Blanchard mailed a request for a certificate of appealability to this court on March 31, 2024. This court construed it as a notice of appeal and forwarded it to the district court. *See* Fed. R. App. P. 4(c)(1), (d); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

77(d)(1); *Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 246 (4th Cir. 2023). The district court is in the position to make findings on when and how Blanchard received notice of its order and whether Blanchard satisfies the requirements of Rule 4(a)(6).

Accordingly, we construe Blanchard's notice of appeal as a motion to reopen the appeal period and remand to the district court for the limited purpose of determining whether Blanchard is entitled to a reopening of the appeal period.[2]   The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[2] If the district court reopens the appeal period, Blanchard will have to file a new notice of appeal.  *See Parrish v. United States*, 74 F.4th 160, 166-67 (4th Cir. 2023).