**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GURBIR SINGH GREWAL, a/k/a Gavin,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:18-cr-00491-D-1; 5:23-cv-00301-D)

Submitted: September 30, 2024                    Decided: October 17, 2024

Before AGEE, RUSHING, and BERNER, Circuit Judges.

Remanded by unpublished per curiam opinion.

Gurbir Singh Grewal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gurbir Singh Grewal seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. The district court entered its judgment on December 4, 2023. Grewal filed his notice of appeal on May 29, 2024.[1] Grewal's notice of appeal is untimely, as he filed it months after the expiration of the 60-day appeal period. *See* Fed. R. App. P. 4(a)(1)(B). In his notice of appeal, however, Grewal asserted that he did not receive timely notice of the district court's order and first discovered the dismissal of his case through independent means. It is unclear whether Grewal later received actual notice from the district court after his transfer to Federal Correctional Institution Yazoo but before he filed his notice of appeal.

Federal Rule of Appellate Procedure 4(a)(6) allows a district court to reopen the appeal period if it finds that: (1) the party seeking to appeal did not receive notice of the judgment within 21 days after its entry; (2) the party moved to reopen the appeal period within 180 days after the entry of the judgment or within 14 days after receiving notice of the judgment, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6). Because Grewal claimed that he did not receive timely notice of the district court's order and filed his notice of appeal within 180 days after entry of judgment or, possibly within 14 days after receiving notice of the judgment and cited Rule 4(a)(6) in his notice

---

[1] For the purpose of this appeal, we assume that the date appearing on Grewal's certification is the earliest date Grewal could have delivered the notice of appeal to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1)(A)(i); *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

of appeal, we construe the notice of appeal as a motion to reopen the appeal period under Rule 4(a)(6). *See Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 243-46 (4th Cir. 2023) (discussing "notice" within meaning of Rule 4(a)(6)). We remand to the district court for the limited purpose of determining whether Grewal's notice of appeal meets the requirements of Rule 4(a)(6) and, if so, whether the appeal period should be reopened.[2] The record, as supplemented, will be returned to this court for further consideration.

*REMANDED*

---

[2] If the district court reopens the appeal period, Grewal will have to file a new notice of appeal. *See Parrish v. United States*, 74 F.4th 160, 166-67 (4th Cir. 2023).

3