**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1403**

———————

KEITH EDWARD KASYJANSKI,

Plaintiff - Appellant,

v.

DAVID SAWERINGENR; BRYANT GOODWIN; KAREN CASTLES; HODGE
CLAUDE CC HODGE; CHRIS DAWNER; ERIC WHITE; EVERETT EVREST;
WILL MONTGOMERY; ALLEN MCCOY,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Aiken.
Joseph F. Anderson, Jr., Senior District Judge.  (1:24-cv-02278-JFA)

———————

Submitted:  October 6, 2025                    Decided:  October 21, 2025

———————

Before AGEE, RUSHING, and HEYTENS, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Keith Edward Kasyjanski, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Edward Kasyjanski seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). A district court may reopen the appeal period under Rule 4(a)(6) if: (1) the party moving for reopening did not receive notice of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the entry of the judgment or order, or within 14 days after receiving notice of such entry, whichever is earlier; and (3) a reopening would not prejudice any party.

The district court entered its order on October 23, 2024, and the appeal period expired on November 22, 2024. Kasyjanski filed his notice of appeal on April 10, 2025. Thus, Kasyjanski filed his appeal after the appeal period expired. However, the record suggests that Kasyjanski did not receive notice of the order through a method of service specified in Fed. R. Civ. P. 5(b), as the district court's mailing was returned as undeliverable. *See* Fed. R. Civ. P. 77(d)(1); *Shuler v. Orangeburg Cnty. Sheriff's Dep't*, 71 F.4th 236, 246 (4th Cir. 2023).

2

Because Kasyjanski did not receive actual notice of the district court's order dismissing his complaint, we remand for the limited purpose of allowing the district court to determine whether the appeal period should be reopened pursuant to Rule 4(a)(6). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*