Vermont Superior Court
Filed 07/01/24
Caledonia Unit

**VERMONT SUPERIOR COURT**
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



**CIVIL DIVISION**
Case No. 24-CV-00803

---

| Stephanie Gallant et al v. The Sugarman of Vermont, LLC et al |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Extension of Time to Answer; Motion for Extension of Time to Answer ;  (Motion: 3; 4)
Filer:          Jonathan R. Brigati; Jonathan R. Brigati
Filed Date:     June 12, 2024; June 12, 2024

The motion is GRANTED IN PART.

The issue before the Court is whether there is excusable neglect to extend the time under V.R.C.P. 6(b)(1)(B) to allow Defendants to file an answer when their motion to enlarge was filed after the original deadline to file had passed.

The facts are relatively undisputed.  Plaintiffs filed the present case with the Court on March 1, 2024.  Under V.R.C.P. 3(a), Plaintiffs had 60 days to complete service on Defendants.  Plaintiffs completed this in a timely manner by serving both Defendants on April 3, 2024.  Under Rule 12(a)(1), a Defendant has 21 days or 60 days to file an answer with the Court.  The shorter timeline applies if service has been effectuated by formal process.  The longer timeline applies if Defendant has timely waived formal service.

The latter did not occur in this case.  Plaintiffs attempted to reach out to counsel to obtain a waiver.  Counsel at that time had not been retained and was not authorized.  No waiver was granted, and Plaintiffs pivoted to formal service.

Due to what appear to be a number of miscommunications in Defendants' internal process, and in their efforts to coordinate with insurance and counsel, Defendants missed the 21-day deadline, which would have been April 24, 2024.  When Defendants did not file any response, Plaintiffs filed a motion for default judgment on June 10, 2024.  In response, Defendants' counsel

entered a notice of appearance and filed the immediate motions for a 30-day extension, explaining their internal difficulties giving rise to the delay and the motion.

In response, Plaintiffs cite to the Court's extensive case law limiting when an extension can be granted under the excusable neglect standard and arguing that Defendants' internal and attorney-client issues do not trigger or merit such relief. See, e.g., *In re Town of Killington*, 2003 VT 87A, ¶ 19.

There are normally four factors that apply to a review of an extension for excusable neglect.

> (In Pioneer, the Court enunciated factors for evaluating a party's claim of excusable neglect under a number of federal rules including Fed. R. App. P. 4. These factors include: "**the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.**" Id. at 395, 113 S. Ct. 1489. While this standard ostensibly represents a modest liberalization of the "excusable neglect" concept in the federal rules, several federal circuit courts of appeal have recognized that the post-Pioneer threshold remains high.

*Killington*, 2003 VT 87A, at ¶ 16 (emphasis added).

Three of the four factors here favor Defendants. The length of delay has been minimal, less than 60 days after the answer was originally due.[1] The danger of prejudice to Plaintiffs is low. This is the start of litigation, and allowing Defendants to file an answer would effectively start the case and allow Plaintiffs to develop their claims through discovery and motion practice. Finally, there is no evidence of bad faith in Defendant's filings. The matter appears to have ping-ponged internally based on the question of whether Defendants would be using prior counsel or retaining more specialized counsel.

It is the fourth factor that both parties focus upon in the present motion. Defendants state that the reason for the delay was two-fold. First, Defendants' insurance defense carrier did not

---

[1] While the request for additional time is outside the deadlines set out in Rule 12(a), it does come before any judgment has been rendered and in a relatively early stage of this case, which as discussed below does warrant additional consideration. This fact distinguishes the present case from a line of cases where the request to enlarge is also effective a motion to re-open under V.R.C.P. 60(b). See, e.g., *Kotz v. Kotz*, 134 Vt. 36, 37 (1975) (affirming Rule 60(b) denial of motion to re-open default judgment where defendant did not file answer, did not oppose default and offered no meritorious defense or reason to re-open); *City of Burlington v. Muir*, 2014 WL 2134426 (May 1, 2014) (Walsh, J.) (denying motion to set aside a default judgment where Defendants filed neither answer, nor opposition).

immediately respond to them on the issue of coverage and defense. Second, Defendants failed to follow up on their obligation under Rule 12(a), even after the denial of coverage was returned, and let their responsibility fall through the cracks. As noted by Plaintiff, Defendant's response does not satisfy the traditionally high burden associated with this fourth factor of excusable neglect because it arises entirely from the failure of either Defendants or their counsels to file an answer or motion on a timely basis. *In re von Turkovich*, 2018 VT 57, ¶ 5.

Defendants note that notwithstanding the excusable neglect standard, there is significant caselaw that disfavors the outcome that Plaintiffs urge in this case. *Hermitage Inn Real Estate Holding Co., LLC v. Extreme Contracting, LLC*, 2017 VT 44, ¶ 34 (collecting cases). The Vermont Supreme Court guides that the rules relating to default should be liberally construed in favor of defendants because courts favor resolution on the merits. Id. This direction appears to be particularly appropriate in the present case where Plaintiffs have raised six fact-specific claims that involve determination of fact based on accruing of incidents, and ultimately making conclusions concerning the quality of the behavior and its intended or received impacts. See, e.g., *In re Grievance of Butler*, 166 Vt. 423, 430 (1997) (upholding finding of hostile workplace claims based on an accretion of incidents and actions that constituted and intended hostility).

While several factors favor under the excusable neglect standard auger toward granting Defendants an extension, the most important factor does not. But if this fourth factor controls to the exclusion of all other factors, the result would run contrary to the direction that trial courts should liberally construe the provisions associated with a default judgment toward defendants to prevent a default judgment where possible. It would also create a partial default judgment on a series of claims that by their nature require nuanced factual findings and conclusions to not only determine whether a violation occurred but to fashion the appropriate remedy.

In light of these issues and standards, which must overlay with each other, and the very specific circumstances in the present case—namely the complicated and factual nature of Plaintiffs' claims, the Court finds sufficient excusable neglect under the totality of the factors for a limited extension of time. To that end the Court will give Defendants until July 12, 2024, 30 days after their motion to enlarge was filed, to file their answers or dispositive motions under V.R.C.P. 12(a).

## ORDER

Based on the foregoing, Defendants' motion for an enlargement of time is **Granted in Part**. Defendants have until July 12, 2024 to file their answers or dispositive motions in this matter in accordance with Rule 12(a). The Court finds excusable neglect and grounds for this extension under V.R.C.P. 6 based on a totality of the factors from *Killington* when they are liberally construed toward Defendants as directed by the Vermont Supreme Court under *Hermitage*. This enlargement, however, may not be extended by further motion. Until such answers or motions are filed, the Court will stay Plaintiffs' motions for default judgment. If a Defendant does not make a responsive filing under Rule 12(a) by July 12th, then the Court will take up the respective default judgment motion without further briefing or hearing.

Electronically signed on 7/1/2024 2:48 AM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge