VERMONT SUPERIOR COURT
Windsor Unit
12 The Green
Woodstock VT  05091
802-457-2121
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02137



| Craig Pease v. JOE CANALES |
| --- |

## DECISION ON APPEAL

This is an appeal from a small claims court post-judgment process.  The Cour has reviewed the record and the Appellant's filings.  Appellee has not filed a reply or participated in the appeal process. Following this review, the Court denies the appeal and **Affirms** the decision of the small claims court.

*Factual and Procedural Background*

On August 24, 20224, Appellant Craig Pease received a default judgment against Appellee Joe Canales in the underlying small claims court matter in the amount of $5,412.17.  Following the entry of this judgment and service of the judgment on Mr. Canales, Mr. Pease has sought to collect on this judgment through the small claims post-judgment collection process.  This process begins with a Financial Disclosure Hearing, which is intended to review a judgment debtor's income and expenses to determine if he or she have an ability to pay. See V.R.S.C.P. 7.

Mr. Pease filed his financial disclosure motion in October 2024, and it led to a hearing on March 19, 2025 where Mr. Canales did not appear.  The Court set the matter for a civil contempt hearing in accordance with Rule 8, which permits the Court to initiate contempt proceedings if a debtor fails to appear at or respond to a financial disclosure hearing and notice.  V.R.S.C.P. 8(a).  Mr. Pease had this notice and judicial summons served on Mr. Canales on March 28, 2025.  The Court conducted a contempt hearing on May 7, 2025 where Mr. Canales appeared.  At that hearing, Mr. Canales provided an updated address and contact information to the Court, but it did not require him to fill out a notice of appearance form.  He also demonstrated to the Court's satisfaction that he lacked the ability to pay.  While the Court characterized its conclusion as a denial of the motion for financial disclosure, it may be more properly understood as a conclusion not to order any immediate payments due to Mr. Canales' inability to pay.

Mr. Pease's appeal does not seek to set aside either the Court's finding or conclusions concerning his financial disclosure motion. He does not contest that Mr. Canales presently lacks the ability to pay. Rather, Mr. Pease challenges the Small Claims Court's decision not to require Mr. Canales to file a Notice of Appearance form.

In his brief, Mr. Pease notes that the Rules of Small Claims Procedure do not require a party to file a notice of appearance, but he argues that the intent of the rules, particularly those regarding a creditor's obligation to serve the debtor with notice, would be rendered unduly burdensome without a notice of appearance requirement. Specifically, Mr. Pease argues that the portion of the form that expressly requiring the party to "Notify the Court in writing if I change my address or phone number" is necessary. He notes that Mr. Canales has changed his address in this case, and that Mr. Canales knows where he will be living when it changes again while Mr. Pease does not.

While the Notice of Appearance form that Mr. Pease cites provides express language concerning a party's obligation to keep their contact information current, the form does not create this obligation. Under Rules 5, 11, and 79.1 of the Vermont Rules Civil Procedure and Rules 4 and 9 of the Vermont Rules of Electronic Filing, parties to civil litigation have an affirmative and on-going obligation to keep the Court and other parties appraised of their current address and contact information. These rules apply by analogy to small claims court litigation. See V.R.S.C.P. 13 (allowing the court to look to the rules of civil procedure by analogy for matters not covered by the small claims rules). As the 2022 Reporters' Notes to Rule 79.1 explains this requirement is to "facilitate both service by other parties and notice by the court." Id. at rpt.n. 2022. The requirement and Notice of Appearance form is also intended to facilitate consent for service by email. Id. But, even if such consent is not given, Rule 79.1 and Rule 5(b)(2)(B)(ii) allows service by an email provided in a pleading where there is no known physical or postal address. Id.

Rule 79.1 goes further and makes the Notice of Appearance form mandatory. Under subsection (d), a self-represented party:

> [M]ust complete and sign a notice of appearance form for self-represented parties, providing a telephone number, street address, and mailing address if different. The party must provide an email address if the party has one and indicate if the party consents to receive service by email at that address. Even if a self-represented party has not consented or agreed to service by email, if the self-represented party has no valid physical or postal address, the self-represented party may be served by email at any email address that the party has provided in a court filing.

V.R.C.P. 79.1(d).

These obligations, however, relate to active cases where litigation is on-going and often carry consequences for the party that fails to keep their address current. See *In re von Turkovich*, 2018 VT 57, ¶ 6 (finding that grievant's failure to keep his address current did not constitute excusable neglect or allow him to extend the time for an appeal). Once the Court reaches a final judgment, the case effectively ends and closes. Obligations, such as an attorney's on-going representation, are presumed to end. See V.R.C.P. 79.1(f) (noting that an attorney is granted leave to withdraw as a matter of course after final judgment). The Court sees why a party's obligation to continually update the Court would be treated any differently.

Once final judgment is entered, the post-judgment process is one where the judgment creditor can seek remedies, but such process is not guaranteed, nor is it a linear and court driven process. V.R.C.P. 7 and 9. The post-judgment process depends on the judgment debtor's ability to pay, available assets, and whether the judgment is or is not satisfied. In such cases, the Court finds neither caselaw, nor statute, nor court rules that would require a party to continue to update the Court with any change of address after a final judgment has been entered.

While the Court understands Mr. Pease's concern about locating Mr. Canales for future post-judgment motions if Mr. Canales should re-locate, this is the burden of a judgment creditor. The Court will note that there are several tools at Mr. Pease's disposal that he lists in his motion. These include general internet searches, people finding websites, and private investigators. The costs for such services would, potentially be assignable to Mr. Canales, and they could be sought as post-judgment costs in the same way that the post-judgment service costs can be added to the outstanding judgment amount. Beyond these services, there is also post-judgment discovery, which creditors often employ to discovery assets and obtain updated information. These resources, while not perfect, are available as Mr. Pease navigates the post-judgment process.

Bringing this around to the present appeal, the Court finds that Mr. Canales did not make an appearance in this matter until the May 7, 2025 hearing. At that time, he provided the Court and Mr. Pease with his current address and confirmed his contact information. The small claims court did not directly order Mr. Canales to fill out a Notice of Appearance form, but in reviewing the record, this Court cannot ascertain what additional information Mr. Canales could have provided if he had completed the Notice of Appearance form. Given that the financial disclosure hearing resulted in a determination of no present ability to pay, the Court finds that there was no further on-going process or court action for which Mr. Canales might otherwise be obligated to enter a Notice of Appearance form or for which he would obligated to keep updating the Court on his address.

As such, the Court finds no error in the Court's discretion not to require a new Notice of Appearance Form to be filed in a case that is presently closed.

## **ORDER**

For the foregoing reasons, the decision of the Small Claims Division is **Affirmed**, and the present appeal is **Dismissed.**

Electronically signed on 7/16/2025 6:13 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

Vermont Superior Court
Filed 07/17/25
Windsor Unit